The opinion of the court was delivered by
Duncan, J.
The plaintiff in error has abandoned all the objections to this judgment, except the first, second, and third. The first is to the admission of John Steclcbeck, as a wtiness, on. the ground of ineompetency; he having been found an habitual drunkard, in pursuance of the laws of this Commonwealth. It is contended, that the inquisition and proceedings incapacitate him ipso facto, from being received as a witness; that the proceeding is equivalent to a commission of lunacy. This i's not so, his estate is taken out of his management, and committed; his person is not; the act of assembly intended nothing more. To render the witness incompetent, it must be shown that at the time of bis examination, he was non compos mentis, deranged in mind, from some cause, the effect of liquor, or any other cause. No drunken man should be permitted to give evidence. But this never can apply to drinking men, even though incapable of managing their estates. Men of the brightest intellect have fallen victims to this vice, who, when the effect of hard drinking has subsided, possess in their sober moments, their understanding, if not in its, full vigor, yet sufficiently unimpaired, to recollect, and to state the facts, where they do recollect, with clearness and intelligence. It was the policy of the law, to prevent habitual drunkards from wasting their estates, but it does not give them the protection granted to lunatics, as to exemption from punishment, nor deprive them of any of the other rights of citizens. If this was the ease, instead of operating as a means of reformation, it would dispose them to drink. The point of inquiry is the moment of examination; is the witness then offered, so besotted in his understanding, as to be deprived of his intelligence? If he is, exclude him; if he be a hard drinker, an habitual drunkard, yet, if at that time, he is sober, and possessed of a sound mind, he is to be received. At the time this witness was offered, we are to take it for granted, he was in that state of mind.
*239 The second exception is to the admission of the widow of the testator. She had no interest in the cause, or in the question; she had a specific bequest which she elected to take, and had accepted; it could neither be diminished nor added to, be the cause gained or lost. But she is objected to on the score of policy of the law, which it is said, will not suffer the widow to give evidence relating to the estate. There is a recent desision, that, under particular circumstances, a wife divorced from the bonds of matrimony, has' not been suffered to disclose certain transactions of the husband during the intermarriage; without saying,- whether, in any case that rule would prevail here, I may say, it is novel. But that is not this case; here death has dissolved the marriage, and the testimony of a widow, free from interest, or releasing all interest, has been constantly received in questions respecting his estate, and even to prove his incapacity to dispose of his property. In the case of Nathaniel Irish’s will, his widow, releasing her interest, was a witness against the will. This objection was not indeed made, though the cause was in the hands of very able counsel, and every question made, which was considered as tenable. The policy of the rule, excluding husband and wife from being witnesses for, or against, each other, is founded on the supposed bias arising from marriage, and the consideration that the interest of husband and wife is the same, or from the supposed union of persons. Baker v. Dixie, Hardwicke’s Cases, 264. 1 Black. Com. 443. Fenn v. Lewis, 10 Johns. 44, or from, the necessity of preserving the peace of families. Neither of these causes applied here. The union was dissolved by death, the legal policy of exclusion no longer existed. This exception likewise fails.
But the third exception, the plaintiff in error has supported, which is, that Peter Shindle, one of the plaintiffs, was received as a witness. He certainly would have been liable for costs; for in the second count in the declaration, the plaintiffs have laid both the possession to have been in them, and the conversion in their own time, and in such case, if the executor fails, he is clearly liable for costs. Wilbraham v. Snow, 2d Wms. Saunders, 47, Note R. So far as respected the costs, he would be interested; to divest himself of this interest, he paid all the costs that had accrued, and deposited fifty dollars to cover all costs that might accrue, and offered to deposite any further sum the court would direct.' But here was another executor plaintiff; if there was a recovery against the defendant, there would be a recovery of all the costs,' and for both executors; he had then a remaining subsisting interest. It is a rule of the common law, that a party to a suit, whether he has an interest in the thing, or is merely a trustee, is not a competent witness; but where the person is a mere trustee, or having an interest which he has parted with, there in our courts, the costs being paid and release, he may be received as a witness. This relaxation Is liable to great abuse, and requires the utmost circumspection to *240 prevent all the evils of introducing interested witnesses. In general the cases in which the party has been received, are when he has released every possible interest, and the costs have been paid, with an agreement on record, that in case of a recovery, they shall not be refunded. They have been paid, generally, not by the witness, but by the cestuy que use, and the court will expect the most satisfactory evidence of real divestment of interest, and actual arrangements between the nominal and real parties, if the costs be paid by the nominal party, that the real party will not refund them.
In the case of Patton v. Ash, &c. (7 Serg. & Rawle, 124,) ,the léading case of the admission of executors plaintiffs as witnesses,—Ash, previous to his admission as a witness, executed a release to the heirs of Craig of all claim to compensation by way of commissions, and paid to the prothonotary a sum of money sufficient for the payment of all costs that had accrued or might accrue, let the verdict be as it might; so that, in every event, the whole costs were paid by Ash, and he had agreed, that in no even.t was any part of-the money to be refunded. Very different from Ash’s state was the state of Shindle. He had entered into no engagement as to the absolute payment of the costs,—no agreement that in any event the costs were not to be refunded him'. But, more than this, he had not released the claim to compensation by way of commission on the sum which might be recovered in this action; for though compensation is not made to executors under the name of commissions, yet the Orphans’ Court, in making the allowance, are pretty generally governed by the amount of the estate, and it is always used as a measure of compensation. Ash had divested himself of all interest, actual or contingent; Shindle has not done so, and therefore was incompetent. There may be exceptions to the rule of admitting parties as witnesses, though they cannot be proved to be absolutely interested. These exceptions must be judged of from the circumstances in which each particular case stands. This executor had not stripped himself of all interest actual, certainly not of all contingent: it behoved him to do this before he could be received to testify; for where the rigid rule of the common law, in excluding all parties on the record, is relaxed to let in any party, the relaxation should only take place where it was very plain, that in no possible shape or form, in no event that could possibly happen, could he be in the smallest degree a gainer or ldser. All possible interest should be divested. This man did not stand in that relation of perfect indifference in point of interest, and ought not to have been admitted, and for this reason the judgment is reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.