The opinion of the court was delivered by
Duncan, J.
An action had been brought on the bond against Phillip Sleutz, and William .Garvin, who were joint obligors. The debt is admitted to be the proper debt of Sleutz, and Garvin was only the security. The action was arbitrated, and a report of referees filed, in favour of the plaintiff, from which, an appeal was taken. The report of the referees, remains as a judgment, for the purpose of lien. During the pendency of the appeal, Garvin died, and this proceeding is instituted, in order to reach the real estate of Garvin. The plea, by the representatives of Garvin, was, payment, with leave, &e. and notice was given of the special mat *103 ter, which alleged, that Troxell agreed, when the assignment of the bond was made by Miller, to set off against this bond, a bond Sleutz held on him, as they would become due about the same time. Sleutz agreed to this arrangement, but Troxell, in violation of their agreement, assigned this debt to Duncan. Sleutz absconded; and, on a domestic attachment, the bond of Sleutz to him, was attached. An action was brought, in Sleutz’s name, against Troxell, who suffered judgment by default; and, on a ji.fa. the money was made. The assignment by Duncan to Troxell, was certainly in bad faith, but it put Duncan in no better situation, as to the recovery, than he stood in himself. If Troxell could not recover, Duncan could not. It would be against all conscience, that the surety of Sleutz should be compelled to pay, when Troxell had in his hands the fund, and means of the principal debtor, to pay himself; and which Sleutz and he agreed should be so applied. I do not know but this might be pleaded at law, by way of accord and satisfaction, but I have no doubt, that a court of chancery would interpose, and protect Garvin, the bail. It would be suffering Troxell to take advantage of his own wrong, in assigning the bond, and thus putting it out of his power to set off, as is said, and letting the judgment go by default; and this mala fide transfer ought not to operate to the injury of the bail. It will be a matter worthy of grave consideration, on the future trial of this cause, whether, without the proof of any special agreement to take one debt in discharge of the other, as Troxell could have retained, and in equity, could have set off, the holding the means of satisfaction in his otra hand, on an available fund, belonging to the principal, and which depended on his own act and will to apply, and having parted with it, a Court of Chancery would not have protected the bail. This point was not made below, nor any opinion given on it. The defendant relied on the special agreement, proved by Dr. Miller; and the charge of the court was founded on that, a:nd from that evidence, if the witness was competent, the defendant Garvin’s responsibility was discharged, so that our inquiry is confined to a narrow ground: Was Dr. Miller a competent witness? The objection to his competency was on the score of interest, and arose from his guaranteeing the payment of the bond to Troxell. The guarantee was in these words: “ For value received, I assign this bond to JTbraham Troxell, and guarantee the payment of it.” The whole case, then, turns on the competency of this witness. I cannot agree with the Court of Common Pleas, that this warranty was not continued through Troxell to Duncan, or that Duncan took the bond at his own risk, if the guarantee had not been fulfilled by the acts and situation of Troxell and Sleutz, the principal debtor, by the agreement to set off one debt against the other. My opinion is, that the guaranty ran with the bond; and that, into whose-soever hands it came, the beneficial interest in the bond carried *104 "with it the guarantee of payment; and, though Duncan might not, according to the technical forms of law, maintain an action in his own name against Miller, yet he could in Troxell’s name, for his use. No case is to be found directly in point; but my opinion, proceeding on a principle of the law of evidence, is, that wherever a fact is to be proved by a witness, and such fact is favourable to the party who calls him, and the witness will derive á certain advantage, from establishing the fact in the way proposed, he cannot be heard, whether the interest be great or small. In this situation, stood Dr. Miller. The effect of his evidence, was to discharge him from his obligation of indemnity. The-result of this action would be, to protect him from having a demand ever made against him. It puts him in a better situation; for it is not so, that if the plaintiff recovered a verdict, he would be discharged. The obtaining of a favourable verdict would not discharge him; nothing but payment, or what is equivalent in equity, would free him from his warranty; he is not equally liable; non stat indifferenter.
The record, in this action, if the defendant prevailed on the statement of facts in the notice of special matter, would for ever bar Troxell and Duncan from any action on the guarantee. It amounted, in point of law, according to the practice of our courts, to a finding of payment at the day or after the day, .after the aster the assignment to Troxell, for, in truth, it was payment to Troxell. It would be different from a verdict on a different plea, and different facts, which went to prove that the bond in its origin was void or had been paid before the assignment; for that verdict would be evidence against Miller, and Miller might, if he did not object, be received as a witness to prove that defence; for though he would be swearing against his own interest, it would be to render himself liable to an an action on the guarantee, so far from discharging it. But his evidence here was to discharge him from all liability.* He would have been competent, if he had an interest inclining him as much to one side as the other; so as, upon the whole, to make him indifferent in point of substantial interest, on whichever side the verdict might be. But by extinguishing the debt, by proof of payment to Troxell, he eventually discharged himself, by proving that his guarantee was complied with. It has some resemblance to a case of joint and several bond, where one of the obligors is the security, and the principal debtor alone is sued. There the bail would not be competent to prove payment by the principal; for the fact of payment would discharge him from liability. It makes no difference, that Miller was not a party to the bond. He stood, quasi security, bound for payment. The verdict, on this issue, would be evidence in a suit brought by Troxell, or in his name for Duncan’s use against Miller, because it found the performance of the promise by Miller. Miller could not have been a witness for the plaintiff, to disprove any alleged *105 payment to Troxell, without a release; so the defendant cannot examine him, to prove the payment; his interest in both cases, being to produce a result favourable to himself.
Judgment reversed, and a venire facias de novo awarded.