ALBANY
Oct. 1827.

THE PEOPLE, *ex rel.* GOULD and others, *against* THE JUDGES OF THE COURT OF COMMON PLEAS OF THE COUNTY OF DUTCHESS.

*The People
v.
The Judges of
of Dutchess.*

THE defendants returned to an alternative mandamus, commanding them to set aside a rule quashing an appeal, &c., or show cause, &c., that, at the February term of the Dutchess C. P. 1827, an appeal from a justice's court by Gould and others, appellants, and Husted, appellee, was called on to be tried. That, according to the return of the justice, the cause was tried before him, November 4th, 1826; and on the 8th he rendered judgment. That *the appeal bond bore date the 16th of November, 1826; and the approval of the surety indorsed by the justice, was dated the 25th of that month.

*An appeal bond, and notice of appeal, may be delivered to the agent of the justice; and the costs on appeal may be paid to his agent.*

[*488]

That upon this return and bond, the appellee's counsel moved to quash the appeal, on the ground that it was apparent from the date of the approval, that the bond could not have been delivered to the justice within the 10 days after judgment. That the justice and another were then examined as witnesses; from whom it appeared, that on the day judgment was rendered, the counsel for the appellants informed the justice that they would probably appeal. The justice then told the appellants, that he was shortly going a journey, and should probably not return till after the 10 days; but the defendants could have the appeal bond executed, and deliver it, with the notice of appeal, to his wife, to whom the costs might be paid. The surety in the appeal bond was also then proposed to, and approved by the justice, who promised to indorse his approval on his return. The justice left instructions accordingly with his wife; and all except the indorsement were done within the 10 days. But the justice having gone the journey, did not return and make the indorsement till the 25th.

*Approval of the surety, on appeal, need not be indorsed by a justice within any particular time. He may approve, in fact, of the surety before the bond is executed; and indorse his approbation after the 10 days allowed for appeal.*

The C. P. quashed the appeal.

*Hooker & Tallmadge,* for the relators, now moved for a peremptory mandamus.

ALBANY,
Oct. 1827.

The People
v.
The Judges of
Dutchess.

[*489]

They said, the justice ought not, by his absence, to be allowed to embarrass parties in exercising the right of appeal. But here was a return made. The C. P. cannot quash because the notice is defective or too late. That is a question for the justice only. He may waive all advantage of the omission; and has done so in this instance. (3 Cowen, 379.) The justice's wife was made the agent for receiving the notice, bond and costs; and delivering them to an agent was a substantial compliance with the the statute. No matter when the justice indorses his approval. It may be done after the 10 days. (2 Cowen, 506.) The act *is directory to him; and his omission should not prejudice the party. (3 Cowen, 372.)

*E. M. Swift*, contra. A party shall not be heard on appeal, unless he comply strictly with the terms of the statute. (4 Cowen, 80.) The bond should be delivered and the costs paid to the justice personally. (6 Cowen, 61, 69.) The justice could not, by any arrangement with the appellants, or their attorney, approve of the surety before the bond was in existence.

*Curia.* The case made out by the return is not materially different from that presented upon the application for the alternative mandamus. We thought then, and we think still, that the appellants substantially complied with the statute. The acts of receiving the bond, notice and costs, are ministerial in their character; and may be performed by agent. In this case the justice appointed his wife to receive them, which was done within the 10 days. The approval of the surety is, to be a sure, a judicial act; but this need not be indorsed within any particular time. The surety was named, and there was an approval in fact, within the 10 days. Let a peremptory mandamus go.