# Baxter *against* Graham.

If the parties go to trial upon the merits, the judgment will not be reversed, because the cause was not at issue on any of the defendant's pleas.

If several distinct matters be pleaded, and some conclude to the court and others to the country, and there be a verdict and judgment for the plaintiff, it will be presumed that each was decided by the appropriate tribunal.

In an action by the assignee of a bail bond the officer who took the bond is not a competent witness for the plaintiff, upon the plea of *non est factum.*

ERROR to the Common Pleas of *Alleghany* county.

This was an action of debt on a bail-bond taken by the sheriff for the appearance of Neal M'Ilwayne to answer William Graham, Jun. The action was by William Graham, Jun., assignee of William Leckey, sheriff, against Neal M'Ilwayne and Henry Baxter. The defendant pleaded *non est factum,* payment, *comperuit ad diem,* and three other special pleas in bar; to none of which was there a replication; and the parties went to trial.

The plaintiff offered William Leckey, Esq., as a witness to prove the execution of the bond; to which the defendant objected, but the court overruled the objection and sealed a bill of exception.

The verdict and judgment were rendered for the plaintiff.

Errors assigned.

1. That the pleas of *comperuit ad diem,* and *nul tiel* record were not decided by the court, but by the jury.

2. The court erred in admitting William Leckey as a witness.

3. That there was not sufficient proof of the execution of the bond to justify its going to the jury.

*Shaler,* for plaintiff in error.
*Hamilton,* for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—The plea of nul tiel record is no doubt an issue, for the most part, properly triable by the court, and in the absence of proof to the contrary we must intend, it was so tried. The cause was not regularly put to issue, but it has been repeatedly decided, that when the parties go to trial on the merits, it is a waiver of all form. The issues, in fact, *were* tried by the jury, and we must intend, that before the court entered final judgment, they passed upon the issues at law. There is, therefore, nothing in the first and second errors.

The third and fourth errors depend upon the same principle: That the court erred in admitting William Leckey as a witness, and in the allegation, that there was not proof sufficient of the execution of the bond, to authorise its going to the jury. The suit was upon

a bail bond, brought by William Graham, who was the assignee of the sheriff, conditioned for the appearance of Neal M'Ilwayne, Jun., to answer &c. of a plea of trover. The defendants plead *non est factum.*

On the trial of this issue, the plaintiff, being unable to prove the execution of the bond by the subscribing witness who was not to be had, and having failed to prove the handwriting, offered the sheriff, William Leckey, as a witness, for that purpose. Of the admission of the witness, the defendant principally complains. It is very plain, that if the sheriff permitted the defendant to go at large after his arrest, so that he was not forthcoming at the return of the writ, he was guilty of an escape, for which he was answerable in an action by the party aggrieved. And this consequence he cannot avoid, by his own testimony. When the sheriff assigns the bail bond, the law implies a warranty, that the bond was duly executed and an undertaking, by the sheriff, to furnish proof of that fact on a reasonable request; and it need hardly be said that this must be done by the testimony of disinterested witnesses. The principle of the objections has been repeatedly decided. Thus the payee of a note, it has been held, is not a competent witness, for the holders, in an action against the maker, although the holder took it, at his own risk, as to the solvency of the maker. A warranty, as is there said, is implied in the transfer, that it is not forged; the payee, therefore, has a direct interest, to charge the maker, in order to protect himself against this implied warranty. Hunt *v.* Whitney et al. 15 *Serg. & Rawle* 240. The same principle is recognised in Shaw *v.* Ell, 16 *Serg. & Rawle* 201. And Lord Ellenborough would seem to have been of the same opinion, in Honeywood, sheriff of Kent, *v.* Peacock, 3 *Camp.* 195. It is plain, he would have excluded the witness, who was the bailiff, on the ground of interest, from proving the execution of the bond, but from the fact that the defendant, knowing his situation, asked him to become the subscribing witness. And to the same point we refer to Fetterman, for the use of Fetterman, *v.* Plummer's administrator, 9 *Serg. & Rawle* 20. The court decide, that when a chose in action is equitably assigned, and a suit is afterwards brought by the assignee, in the name of the assignor for his use, the assignee, if he have no interest, is a competent witness for the plaintiff. But Justice Duncan, who delivered the opinion of the court, says, if the defence set up had been that the obligee had received payment, or the consideration failed, or the obligation, for some cause, never was recoverable by the obligee, he was not a competent witness, for he would be liable over, either on an implied agreement, or on the ground of fraud, or was directly interested in the event of the cause. The same principle is asserted in Miller, for the use of Miller, *v.* Gowen's executor, 12 *Serg. & Rawle,* 104.

Judgment reversed, and a *venire de novo* awarded.