## LESTER v. THE GOVERNOR.

1. A justice of the peace who takes insufficient surety upon an appeal bond, is not individually responsible, unless it be shown that he acted from corrupt, or impure motives.

2. Whether the sureties of a justice upon his official bond are bound for the official malversation of their principal, and whether the bond was not intended as a security for the performance of his ministerial duties only, *quere*.

3. If the bond was lost after the declaration was filed, the contents may be proved, without an amendment of the declaration.

Writ of Error to the Circuit Court of Fayette.

THIS was an action of covenant at the suit of the defendant in error, against Lester and his surety, on the official bond of the former, as a justice of the peace. The breach alledged is, that the beneficial plaintiff recovered a judgment against one Miles Jennings, before the defendant, Lester, and that the latter granted the defendant in the judgment an appeal, and accepted and approved a bond for its prosecution, with a surety which he knew to be insolvent. There was a demurrer to one of the pleas, which was sustained, and the cause was then submitted to a jury, who returned a verdict for the plaintiff, on which judgment was rendered. The defendant excepted to the ruling of the court, and the points presented by the demurrer and the bill of exceptions, may be thus stated: 1. As the plaintiff made profert of the bond in his declaration, was it allowable to prove its loss since the institution of the suit, and give secondary evidence of its contents. 2. Where, from the opinions of others, it is doubtful whether a surety offered for an appeal is solvent, is the justice of the peace liable for taking insufficient security, if the party offered, declares on oath, that he is amply able to satisfy any judgment which may be rendered against him in the case. 3. Is a justice of the peace liable for taking in-

sufficient surety for an appeal, unless both neglect and fraud are attributable to him; or is he liable under the same circumstances that a clerk or the sheriff would be, if they were to fail to take sufficient sureties in cases where they are authorized to act.

B. W. HUNTINGTON, for the plaintiff in error. In approving an appeal bond, a justice of the peace acts *judicially*, and not as a mere ministerial officer, (1 Day's Rep. 315; 7 Cow. Rep. 487,) and he is not in such case liable for an error of judgment. [5 Mass. Rep. 559; 1 Ld. Raym. 454; 2 Id. 767.] There is no statute making a justice liable for mere neglect in taking a bond, and without which he is not chargeable. [1 Root's Rep. 165; 7 Yerg. Rep. 277.] The justice relieved himself from the charge of neglect, by having examined the surety on oath as to his sufficiency. [2 Dev. Law Rep. 17; 13 Ohio Rep. 157.]

P. MARTIN, for the defendant in error. If a justice of the peace take insufficient security upon granting an appeal with a knowledge of the fact, he is liable. [1 Root's Rep. 165; 1 Day's Rep. 328; 4 Conn. Rep. 107.] He is, not only in preparing, but in approving the bond, a ministerial officer, and for neglect, or other official impropriety, is liable. [14 Mass. Rey. 205; 10 Id. 356; 19 Johns. Rep. 223; 8 Wend. Rep. 468.] It is conceded that in his *judicial acts*, he is not liable for errors of judgment.

COLLIER, C. J.—In receiving a bond for the prosecution of an appeal, it has been held that a justice of the peace acts as a ministerial officer, and if he refuses it without objection to its legal sufficiency, an action on the *case* will lie against him. [The People v. The Judges of Dutchess, 7 Cow. Rep. 487; Butler v. Kent, 19 Johns. Rep. 223; Tompkins v. Sands, 8 Wend. Rep. 468.] But the approval of a surety who has executed, or proposes to execute a bond, is a judicial act. [The People v. The Judges of Dutchess, *supra;* Smith v. Trawl, 1 Root's R. 165.]

In Tracy v. Williams, 4 Conn. Rep. 107, it was held, that

79

a judge who transcends his powers, and acts in a matter *coram non judice*, usurps an authority beyond, and independent of his office, and can claim no protection from it ; and may be charged as a trespasser. But for the most flagrant error of judgment he is not liable in trespass. [See also, Henderson v. Brown, 1 Cain's Rep. 90 ; Butler v. Potter, 17 Johns. R. 145 ; Griffin v. Mitchell, 2 Cow. Rep. 548 ; Calvin v. Luther, 9 Id. 64 ; Savacool v. Boughton, 5 Wend. Rep. 177 ; Dillingham v. Snow, 5 Mass. Rep. 559 ; Easton v. Calendar, 11 Wend. Rep. 90 ; Jackson v. Roe, 9 Johns. Rep. 77 ; Vosburg v. Welch, 11 Id. 175 ; Yates v. Lansing, 9 Id. 395 ; Bordeaux v. Clark, 2 Bailey's Rep. 6 ; 6 Bing. Rep. 35 ; Percival v. Jones, 2 Johns. Cases, 49 ; Reid v. Hood, N. & McC. Rep. 168.]

It has been held, that a judge is not liable for a mere error of judgment, in doing, neglecting, or refusing to do a particular official act, in the exercise of *judicial power*—it being a settled principle, that for these a judge cannot be questioned in a civil suit. [Phelps v. Sill, 1 Day's Rep. 315, 329 ; Lining v. Bentham, 2 Bay's Rep. 1.] In Parmelee v. Baldwin, 1 Conn. Rep. 313, the selectmen of a town appointed an overseer over a person from *malice*, and they were held liable in damages. If a justice of the peace acts within his jurisdiction, it has been decided that he is not responsible for an erroneous judgment, and such judgment is a justification to the officer in carrying the judgment into execution. [Walker v. Floyd, 4 Bibb's Rep. 237.] And an action will not lie against him for an act done judicially, and within the scope of his jurisdiction, unless he acts corruptly, or from impure motives. [Gregory v. Brown, Id. 28.] So in Peake v. Cantey, 3 McC. Rep. 107, the court said, to make a magistrate liable in a civil action for the consequences of an error in judgment in a matter over which he had jurisdiction, corruption must appear from the grossness of the circumstances, or be proved *aliunde.* [Lining v. Bentham, 2 Bay's Rep. 1 ; State v. Johnson, Id 385 ; Little v. Moore, 1 South. Rep. 74.]

We have stated the principles appropriate to the case before us, and cited the decisions by which they are sustained. Without stopping to examine them in detail, or declare our acquiesence in the legal correctness of all of them, we are

satisfied that the ruling of the circuit court cannot be supported. There is nothing in the record to implicate the integrity of purpose of the justice in approving the insolvent surety. In respect to his sufficiency there appears to have been a contrariety of opinion among the witnesses, and the justice, for the purpose of satisfying himself, called upon the surety to declare under oath that he was solvent.

Whether a justice of the peace or other judicial officer, is liable in a civil action for any act done in the performance of his judicial duties, if he does not transcend his jurisdiction, is a question which we will not now consider. But we think it at least certain that he is not liable in such an action to the party aggrieved, for an error of judgment, where it is not shown by direct evidence, or from circumstances which warrant such an inference, that he acted from corrupt or impure motives, or an intention to oppress. The authorities which lay down the most stringent rules against the officer, do not allow recovery upon less proof. The circuit court did not think it indispensable that any impropriety of motive should have been shown, to authorize a verdict for the plaintiff, but that the defendant was liable for the failure to take sufficient surety in the same manner that clerks and sheriffs are; and this, although there is no statute changing the common law liability of justices in such cases. To show that justices of the peace do not occupy the same ground in this respect as clerks, we need only cite the act of 1822, which declares, that if a clerk of the county or circuit court take insufficient surety, upon issuing a writ of error, he shall be liable to an action of trespass on the case in favor of the party aggrieved : *Provided,* That nothing contained in the act shall be so construed as to subject any clerk to a recovery in such action, for taking as security for any writ of error, any person who was generally reputed sufficient for the sum for which he became bound as security, at the time he was so taken. [Clay's Dig. 307, § 7.] Thus we see that this enactment materially modified the law. In refusing to charge that impurity of motive should have been shown, and in charging that the defendant was liable as a clerk would have been, for a similar official act, what we have already said, will indicate the error of the circuit court. Whether

the condition of a bond of a justice of the peace, binds the sureties to answer for the official malversation of their principal, where he acts in a judicial capacity, or whether it was not intended as a security for the performance of his ministerial duties only, we need not inquire. If the bond was lost since the declaration was filed, we can perceive no objection why the plaintiff should not be permitted to prove the loss. It was clearly competent to have alledged a previous loss, and thus excused profert, yet there was no necessity for amending the declaration in this particular.

We have but to add, that the judgment is reversed and the cause remanded.