McGREW & BECK *vs.* THE GOVERNOR, use, &c.

1. The sureties of a justice of the peace on his official bond are only bound for the faithful performance of his ministerial duties, and not for errors, mistakes and omissions of a judicial character.

2. A constable, who has collected money on an execution, is an incompetent witness, without a release, to prove that he has paid it over to the justice of the peace who issued the execution.

ERROR to the Circuit Court of Sumter. Tried before the Hon. S. Chapman.

This was an action of debt brought in the name of the Governor, for the use of Carver and Woolsey, against the securities of a justice of the peace, on his official bond, to recover the amount of a promissory note placed in his hands for collection, by said Carver and Woolsey. Two breaches were assigned in the declaration; first, that he had collected the money due on the note, and had failed to pay it over, as by law required; and second, that he had failed to collect it, when by due diligence he might have collected it. The defendants demurred to each breach assigned, but their demurrers were overruled. On the trial, the plaintiffs introduced one Short, as a witness, who testified that the execution issued on the claim by the justice came to his hands as constable, that he collected the money on it, and paid it over to the justice, but took no receipt from him. Defendants objected to him as a witness, on the ground of his being interested in the result of the suit; but the court overruled their objection, and allowed him to testify, to which the defendants excepted. The defendants bring the case to this court by writ of error, and assign as error—1st, the overruling of their demurrers; and 2d, permitting Short to testify.

HALE & VARY, for plaintiffs in error, referred to the following authorities:—Clay's Dig. 358, § 1; 361, § 16, 17; 364, § 7; § 18, § 21; 365, § 13.—Chit. on Plead. vol. 1, 244, 374, 10 Am. Ed.; 2 Bay. 385; 2d N. & McC. 168; 4 Bibb, 28; ib. 237; 2 Blackf. jr. 72; U. S. Dig. Sup. 1, 324, § 428; Wright 733; 4 Blackf. 16, 129, 291; Harbin v. Knox, 7 Ala. 675; 2 Spear 48; 8 Miss. 115; Gov. v. Hancock and Harris, 2 Ala.

728 ; Johnson v. Gov. use, &c. 13 Ala. 526 ; Williams, judge, v. Hinckle, 15 Ala. 713 ; Nelson v. Bostwick, 5 Hill 39 ; 14 Eng. Com. Law, 93; 6 T. R. 200; 5 B. & C. 269.

REAVIS, *contra:*

1. The declaration is sufficient ; first, because the recitals in the bond described, that Glover was a justice of the peace, and that the defendants are his sureties, are evidence of those facts. McWhorter v. McGehee, 1 Stw. 546.  Secondly, because it was not necessary to allege, that the bond had been approved by the judge of the County Court ; if it had not been, the fact should have been pleaded.  Thirdly, because it is part of the official duties of a justice of the peace, to collect and pay over moneys, on claims placed in his hands.—Clay's Dig. 365, § 13; ib. 362, § 18.   Fourthly, because it was not necessary to allege a demand, specially.—Hill v. Fitzpatrick, 6 Ala. 314.   And fifthly, because the second breach was made good by reference to the first.—Mardis v. Shackleford, 6 Ala. 433 ; Morrison v. Spears, 8 Ala. 93.

2. The constable was a competent witness, because his liabilities were the same, whether the plaintiff recovered, or not ; and the record would not be evidence for, or against him.—Stewart v. Conner, 9 Ala. 804-821; 1 Greenl. Ev. p. 434, § 389.

CHILTON, J.—A justice of the peace is a judicial officer as to civil matters falling within his jurisdiction as prescribed by the several statutes, (Clay's Dig. 358, 361, et seq ;) and we think that the statute requiring him to give bond for the faithful performance of the duties of his office, and for paying over all moneys which shall come to his hands, to the person or persons entitled to the same, has reference to his ministerial and not to his judicial duties.   We do not think the statute was designed to give an action against the justice for an act done judicially, and within the scope of his jurisdiction.   It is unnecessary now to decide whether his securities could be charged, if in such cases he acts corruptly, or from impure motives.—Gregory v. Brown, 4 Bibb, 28.—See also, Lester v. The Governor, 12 Ala. 626, and cases there cited.   If the justice in the case before us collected the money by virtue of his office, as he well may do under the statute, requiring the constable to pay the same over

McGrew & Beck v. The Governor, use &c.

to him when it has been collected under process, (Clay's Dig. 364, § 7,) an action would lie on his official bond for failing to pay it over; but we are of opinion, the justice cannot be charged, *as justice*, upon his undertaking as a collecting agent, for his negligence in failing to use proper means for the collection of the note placed in his hands. Being the judge to sit upon the case, to give judgment as the law and justice of the case require, he is the agent of the State for the due administration of the law, so far as his prescribed duties and jurisdiction are concerned, and not the agent of either party to conduct the prosecution or the defence of a claim to be prosecuted or defended before himself. Such agency might be inconsistent with the duties which he has to perform. We do not say there is any impropriety in placing claims in the hands of justices of the peace, that they may issue their warrants upon the same, and consider the effects of such evidence of indebtedness upon the trial without any more formal presentation of such evidence, but we can readily perceive how an agency as a collector generally might be incompatible with his duties as an officer; upon the whole, we think the safer doctrine to be, to hold his sureties only bound for the faithful performance of the ministerial duties devolved upon the justice of the peace, and not for errors, mistakes and omissions which are of a judicial character. The declaration in the case before us, and the assignment of breaches, do not set forth the character of the default for which the sureties of the justice are sought to be charged, with such certainty, as to enable the court to pronounce that the respective defaults complained of are covered by the bond declared on. In each breach, the plaintiff seems to proceed upon the idea that the justice is a collecting officer, and that his securities are liable for him as such, whether he collected the money by suit had before him in virtue of his office, as contemplated by the statute, or as agent without any proceedings; or that having negligently failed to collect it when by due diligence it might have been made, he is guilty of a breach of his duty as such justice, and liable to this suit, whether any proceedings were instituted before him or not. The second breach evidently deduces the liability of the sureties from the breach of duty on the part of the justice resulting from his contract to collect the note placed in his hands, and not for his failure to discharge any official ministerial duty devolved upon him by law.

We therefore conclude that the declaration was bad, and the demurrers should have been sustained.

We are of opinion that the constable, who, it is alleged, paid the money to Glover, the justice, is not a competent witness to prove that fact; for if the plaintiffs succeed in recovering from the justice, or from the sureties on his bond, they cannot again recover from the constable; so that conceding the latter collected this money, as he states, on execution, he is liable to the plaintiff, unless he paid it over either to the plaintiff or the justice, and to hold that he can prove he paid it to the justice, is to enable him by his own testimony to exonerate himself from liability by transferring or fixing it upon another. We are aware there is some conflict in the decisions upon this point; but this witness was interested most clearly in the plaintiffs' recovery, and all the reasons which may be urged for the exclusion of a witness, on account of interest, and which rest upon principle and sound policy, apply to him, and we therefore think he was improperly allowed to testify for the plaintiffs without a release.— 1 Greenl. Ev. §§ 393-396, and cases cited in notes; also, Moore and Jones v. Henderson, 18 Ala. 232, and cases there cited.

Let the judgment be reversed, and the cause be remanded.