## ALEXANDER et al. vs. TRASK.

1. In an action of debt on a claim bond, where the plea of *non est factum* is interposed, the sheriff is an incompetent witness for the plaintiff, without a release, to prove the execution of the bond.
2. A return of "forfeiture" is not necessary to the maintenance of a common law action of debt upon a claim bond.
3. If the obligor in the bond is absent from the county, a demand of the property from his general agent is sufficient.

ERROR to the Circuit Court of Coffee.

Tried before the Hon. John Gill Shorter.

This was an action of debt by the defendant against the

plaintiffs in error, on a claim bond which they had given for the trial of the right of property to a certain stock of goods. The defendants pleaded *non est factum*, *nil debet*, and performance. At the trial, the plaintiff offered the sheriff, by whom the bond was taken, to prove its execution. The court overruled the defendant's objection to his competency, and permitted him to testify, to which defendants excepted. Plaintiff, having proved the loss of the original bond, introduced parol evidence of its contents, to which defendants objected, but their objection was overruled by the court. Plaintiff also offered parol evidence of the contents of the execution against the original defendant in execution, after having proved its loss, which evidence was admitted by the court, against the defendants' objection, and they excepted. Plaintiff, further having proved that the court-house of the county had been destroyed by fire, offered to prove by parol the contents of a judgment of condemnation in the original suit, to which evidence likewise the defendants objected, but the court admitted it. Plaintiff also proved that the sheriff had made a demand of the goods of the defendant's general agent, and that the defendant himself was absent from the county at the time of this demand.

The court charged the jury, that this demand was sufficient; and refused to charge, as requested by the defendants, that the plaintiff could not recover unless the bond sued on had been returned "forfeited" by the sheriff. "The matters and things set out in the bill of exceptions" are here assigned for error.

P. T. SAYRE, for plaintiff in error:

The court certainly erred in admitting the testimony of Kinney, who was the sheriff at the time of the alleged execution of the bond. It was his duty to take the bond, when the affidavit claiming the property was made; and if he failed to do it, he was liable to the plaintiff in the execution for such failure.

This suit was directly upon the bond, by the obligees in the bond, who were also the plaintiffs in the execution. The question to be tried was, whether the sheriff had performed the duty required of him by the law; that was the issue before the jury, directly made by the plea of *non est factum*.

If the jury found the issue in favor of the execution of bond, Kinney's liability to the defendants in error was gone; he could not then be sued by them for his failure to take the bond; he was then operated upon by the strongest motives of self interest, to establish that result. Although he was not a party to the record, he was a party to the issue.

Under the pleadings the issue was, did the sheriff take the bonds declared on, or did he not. If the jury found in the affirmative, Kinney's liability was gone; but if in the negative, his liability was established.

Kinney then occupied the position of a witness swearing to establish a fact, which, if established, would remove all liability from him. 2 Raymond 1411; ib. 1007; Hayes v. Grier, 4 Binney, 80; Harwood v. Murphy, 4 Halstead, 215; Wood v. Skinner, et al., 6 Paige 76; Rogers v. Deible, 3 Paige 238; McGrew & Beck v. Governor, &c. 19 Ala. R. 89; Moore & Jones v. Henderson, 18 ib. 232; Hunter v. McDusland, 2 Hayw. 366.

The court erred in allowing the contents of the judgment condemning said property to be proved by parol.

In order to authorize the introduction of parol proof, it was necessary first to lay the proper predicate by proving the loss of the minutes; until this was done, the evidence should have been excluded.

BELSER & RICE, *contra:*

1. The witness Kinney was competent to testify in the cause. Governor v. Gee, 19 Ala. 199; Moore v. Henderson, 18 Ala. 235; Bean v. Pearsall, 12 Ala. 592. An agent is an exception to the general rule.

2. The parol evidence as to the bond, execution and judgment, was properly admitted. Stewart v. Connor, 9 Ala. 803; Jackson v. Cullum, 2 Blackford 228; Baskin v. Seachrist, 6 Barr 154; Fowler v. Moore, 4 Pike 570; Harkins v. Gustin, 7 Halst. 42; U. S. v. Laub, 12 Peters 1; U. States v. Reyburn, 6 Peters 352.

3. The demand of the general agent of Alexander in his, Alexander's, absence from the State, if a demand was acquired at all, is sufficient. Garnett v. Roper, 10 Ala. 842.

4. It was not necessary that the bond of Alexander, et al.

should have been returned "forfeited." At most, the statute on this subject is merely directory.

5. The bill of exceptions will be most strongly construed against the plaintiff in error, and the court will intend that the necessary evidence was produced in the cause, until the contrary is shown. The evidence ruled in, was at least permissible. Morgan v. State, 11 Ala. 292.

6. No *ground* of objection to the evidence of the contents of the lost record, is stated. All the evidence is not pretended to be set forth showing its loss. And this court cannot say that the *ground* of objection was, that a sufficient predicate was not laid.

CHILTON, J.—This was an action of debt brought by the defendants in error, upon a claim bond given under the statute for the trial of the right of property.

One of the pleas put in issue the *factum* of the bond, and the sheriff was introduced by the plaintiffs below to prove that the bond was executed by the defendants. He was objected to as incompetent, by reason of interest, but allowed to testify without a release; and this constitutes the ground of the first exception.

The general rule undoubtedly is, that a witness who has a direct interest in the event of the suit, cannot be allowed to testify. But this rule is subject to several exceptions, which public policy, convenience and necessity have engrafted upon it, and which are as well established as the rule itself, although not always so easy of application. Among these exceptions are classed agents, factors, brokers, &c. It is supposed by the counsel for the defendants in error, that the sheriff, as respects his ministerial official acts, falls within the exception to the general rule which obtains as applicable to agents; but we are unable to perceive upon what principle he may thus be classed. The same considerations of public convenience and necessity, which apply to agents employed in the transaction of ordinary business, have no application to public officers, who are required to furnish written memorials of their official transactions, and which are *prima facie* evidence, and in some cases, conclusive evidence of those acts.

The cases of Beane v. Pearsall, 12 Ala. Rep. 592, and the

Governor, Use, &c. v. Gee, 19 ib. 199, were cases of agency, which clearly fell within the exception. In the other case cited by the counsel for the defendant in error of Moore & Jones v. Henderson, 18 Ala. Rep. 332, we held, in an action against an attorney to recover upon his receipt for notes for collection, the maker of one of the notes was an incompetent witness to prove the payment of the money to the attorney. And we said in that case, that where, in one event, the liability of the witness will be lessened, he is not a competent witness for the party who seeks by his evidence to produce that event. See the cases there cited on page 235.

So in McGrew & Beck v. The Governor, 19 Ala. Rep. 89, we held, that a constable was an incompetent witness to prove that he had paid money to a justice of the peace, which he had collected on execution, in a suit by the plaintiff in the execution against such justice for the money.

That the sheriff in this case has an interest in fixing a liability upon the defendants on the claim bond, needs no argument; for although a judgment exonerating the defendants might not be evidence against him, when sued for failing to take a bond, yet the judgment fixing the liability of the obligors upon the bond, gives to the plaintiff below all that he can claim, and thus completely saves the sheriff, who is offered to bring about this result by his own testimony.

His position in regard to the cause cannot be distinguished from that of a clerk, who has received a writ of error bond, the genuineness of which is called in question, in a proceeding in equity to be relieved from a summary judgment rendered upon it against the obligors. It has been twice held, that such is the direct interest which the clerk has, that the Chancery Court will not proceed to a decree, without he is made a party. Brooks v. Harrison, 2 Ala. Rep. 209; Gibbs & Labuzan v. Frost & Dickerson, ib. 720–730.

But if we concede that the sheriff is the agent of the plaintiff below to take the claim bond, and subject to the ordinary exception to the general rule applicable to agents, we should still hold him incompetent, upon the ground of interest. For the exception does not extend, to cases where a verdict for the principal would place the agent in a state of security, against any action which the principal might bring

against him, the agent being directly interested in fixing a liability on the defendant, thus securing himself from future amenability. 1 Greenl. Ev. § 396. And this principle, it is said, is applicable to all cases, where the testimony of the witness adduced by the plaintiff, would discharge him from the plaintiff's demand, by establishing it against the defendant. 1 Greenl. Ev. (3 Ed.) note 4 to page 543. So, in an action brought by A. against B., for the board of C., the latter was held an incompetent witness to prove the claim. Emerton v. Andrews, 4 Mass. Rep. 653 ; Hodson v. Marshall, 7 C. & P. 16.

We are therefore of opinion, that both upon principle and authority, the sheriff was incompetent to fix a liability upon the defendants below, thus rendering himself secure against any action which might otherwise be brought against him. If the plaintiffs below desire the testimony of this witness, they can avail themselves of it, by executing a release; othwise, he is incompetent, as he is liable over, either on an implied agreement, or on the ground of fraud. Baxter v. Graham, 5 Watts, 418; Miller v. Garvin's Ex'r, 12 Ser. & R. 104.

2. This being a common law action upon the bond, no return of "forfeiture" was necessary to its maintenance. Such endorsement is only required, to enable the payee or obligee to avail himself of the summary remedy conferred by the statute.

3. Without deciding whether, under the circumstances presented in the bill of exceptions, it was incumbent on the plaintiff to have made a demand, through the sheriff, of the property which had been condemned, we are satisfied the court did not err in the instruction given to the jury, that the demand proved to have been made of the defendant's general agent, he being absent from the county, was sufficient. If the party to the bond rendered a personal demand upon him impracticable, by his absence, the best the sheriff could do was, to make it of the person having the general charge and agency of his business.

4. As to the preliminary proof, constituting the predicate for secondary evidence of the execution and record of condemnation of the property in the claim case, it is unnecessary for us to say more, than that when the better evidence is

shown to be lost or destroyed, secondary evidence is admissible to prove it. 5 Kinney's Com. 106; 22 Maine, 442. Doubtless, the loss of the better evidence can be sufficiently shown upon another trial, if it be lost.

Let the judgment be reversed, and the cause remanded.