# MATTHEWS, FINLEY & CO. *vs.* SANDS & CO.

[ORIGINAL ATTACHMENT AND GARNISHMENT—SUMMONS OF TRANSFERREE.]

1. *Validity of garnishment on void attachment.*—When a suit is commenced by an original attachment, which is void on its face for want of jurisdiction in the officer who issued it, and there is no appearance, plea, or waiver by the defendant in attachment, the summons of garnishment is also void, and the court has no jurisdiction of the proceedings.

2. *Clerk of Mobile city court cannot issue original attachment.*—The case of Stevenson v. O'Hara, 27 Ala. 362, as to the power of the clerk of the city court of Mobile to issue original attachments, re-affirmed. (WALKER, J., *dissenting.*)

3. *Construction of reference clause in statute.*—A clause of reference, in a statute creating a court, and prescribing the jurisdiction and powers of its officers, confers upon its ministerial officers only the general powers of the other officers referred to, and does not embrace such powers as are special and *quasi* judicial; such, for instance, as the power to issue original attachments.

4. *Conclusiveness of judicial decisions.*—A decision of the supreme court, however erroneous, is the law of the case in which it is pronounced, and concludes the parties as to every point necessarily determined; as where a judgment in an attachment case, discharging the garnishee, was reversed on error at the instance of the plaintiffs, and the fund held subject to their attachment, which was afterwards found to be void on its face for want of jurisdiction, *held,* that a claimant of the fund, who was a party to the former appeal, could not question the validity of the attachment.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was commenced by original attachment, issued by the clerk of the city court of Mobile, in the name of Sands & Co. against Stone & Walworth. Alexander Auld was summoned as garnishee, and filed a written answer, stating that the fund in his hands was claimed by St. John, Powers & Co., as agent of Matthews, Finley & Co., who afterwards appeared, and contested the plaintiffs' right to the fund. At the February term, 1855, on motion of said Matthews, Finley & Co., a judgment was rendered discharging the garnishee, from which judgment the plaintiffs took an appeal; and at the June term, 1855, of the supreme court, said judgment was reversed, and the cause remanded.—See 27 Ala. 362.

In April, 1856, the administratrix of said Auld, by consent of parties, paid the money into court. At the May term, 1856, Matthews, Finley & Co. filed a written answer in the court below, claiming the fund in controversy, 1st, under an attachment sued out by them against said Stone & Walworth on the 7th April, 1856, and served on the administratrix of said Auld as garnishee; 2d, because the proceedings in the suit of Sands & Co. against said Stone & Walworth were wholly void for want of jurisdiction; and, 3d, on the written answer of said Alexander Auld. The plaintiffs demurred to this answer or claim, and the court sustained the demurrer; and this is the only matter now assigned as error.

JOHN T. TAYLOR, for the appellants.—The question raised by the demurrer is the relative validity and priority of the claims to the fund; and this depends on the validity of the plaintiffs' attachment, which was issued by the clerk of the city court of Mobile, and is therefore void.—Stevenson v. O'Hara, 27 Ala. 362.

A. R. MANNING, *contra.*—1. That the clerk of the city court has power to issue original attachments, see appellee's brief in the case of Flash, Hartwell & Co. v. Paul, Cook & Co., at this term.

2. But, if the decision in Stevenson v. O'Hara, 27 Ala. 362, be adhered to, then it is insisted that the former opinion pronounced in this case, at the June term, 1855, is conclusive as to the other question now presented.—27 Ala. 399.

RICE, C. J.—The attachment is the leading process in the present proceedings. The garnishment and contest are merely consequential to the suit commenced by that process.

There has been no appearance, or plea, or waiver by the defendants in attachment. The attachment is the only foundation for the jurisdiction of the city court; and if it is void on its face, the garnishment is also void, and that court had no jurisdiction, and the plaintiffs no right to or lien upon the debt claimed by the contestants.—Edwards v. Wickliffe, 7 Ala. R. 715; Dew v. The State Bank, 9 Ala. R. 323; Brooks

10

v. Godwin, 8 *ib.* 296; Perkins v. Reed, 14 *ib.* 536; Starke v. Marshal, 3 *ib.* 44; Burroughs v. Wright, 3 *ib.* 43; Wragg v. Br. Bk. at Mobile, 8 Porter, 195.

The attachment in this case is an original attachment, and was issued by the clerk of the city court of Mobile. In Stevenson v. O'Hara, 27 Ala. R. 362, this court decided, that the clerk of that court had no power to issue such attachment, and that, therefore, such process, when issued by him, was a nullity.—And after a careful examination of the arguments and authorities relied on by counsel to 'establish the incorrectness of that decision, we are satisfied of its correctness, and therefore adhere to it. We proceed to state some of the reasons which induce us to re-affirm that decision.

An original attachment is not ordinary process, and does not issue out of *a court*, and does not pertain to the exercise of the ordinary powers and jurisdiction of *a court*. It is an extraordinary process, authorized by statute, and can only be issued by the persons or officers upon whom the statute confers special authority to issue it. The power exercised in issuing it is *in its nature judicial,* (*Ex parte* Gist, 26 Ala. Rep. 156; The United States v. Ferriera, 13 How. U. S. Rep. 48,) and is not such as pertains to the clerk of a court merely as clerk, and such as he exercises in the issue of process which issues out of the *court* and pertains to the exercise of the jurisdiction of the *court*. When the clerk has the power to issue it, he is not bound to make it returnable to the court of which he is clerk, but may make it returnable to any court having jurisdiction of the sum of money. The power to issue it never existed in any clerk, until the act of 27th January, 1845, took effect. By that act, the power was expressly conferred on the clerks of the circuit and county courts, to issue an original attachment, "returnable to any court that may have jurisdiction of the sum of money." The city court of Mobile was not then in existence. It has been established since that time. There is no statute which, in express terms, confers upon the clerk of that court the power to issue an original attachment. The power is claimed for that clerk, from the clauses of reference in the various statutes relating to that court and its clerk. But we hold, that the fair construction of such reference clauses is, that they confer upon the clerk

of the city court (a *ministerial* officer) *the general powers* of the clerks of the circuit courts, but not such powers as have always been considered *special and in their nature judicial.* Dwarris on Statutes, m. p. 705; Rex v. Justices of Surrey, 2 T. R. 504.

But, although such is the law, and although the attachment is void on its face; yet *the contestants* have lost the right to avail themselves of that radical defect, by their failure to make that point when the case was formerly here, and by the error into which that failure then led this court. When the case was formerly here, the same attachment and garnishment were before us; and the same right then asserted by the plaintiffs under them, to the very debt which was then, and is now, claimed by the contestants. The garnishee had been discharged in the court below, on the motion of the contestants. The plaintiffs appealed from the judgment thus discharging the garnishee. It is very clear from what we have above said, that there really was no error in that judgment, and that we would have affirmed it, if the contestants had called our attention to the fact that the clerk of the city court had issued the attachment and garnishment. But, instead of urging the invalidity of the attachment and garnishment, the contestants then insisted on the affirmance of the judgment, upon a different and specified ground, which, by plain implication, *conceded their validity*; and thereby induced this court to take for granted their validity, and led us to reverse the judgment discharging the garnishee, when it should have been affirmed. That ground was, in substance, "that the whole sum in the drawee's hands had been drawn for,—that the drafts had been passed to an innocent holder, had been duly presented, and had been in the drawee's hands for two days when the garnishment was served on him; he retaining them, perhaps, for the express purpose of being garnisheed." This court held, that the drafts had not been accepted; that until they were accepted, they created no liability against the drawee in favor of the payee, and did not amount to an assignment of the funds in the hands of the drawee. The court also added the following sentence: "As the drawee was garnisheed before his liability to the defendant in attachment had been changed, the debt should have

been condemned in his hands."—Sands & Co. v. Matthews, Finley & Co., 27 Ala. Rep. 399.

Our opinion is, that the sentence thus quoted from the opinion delivered when the case was formerly here is erroneous, because its necessary effect is to give the plaintiffs the right, *as against the contestants*, to condemn the debt, under a void attachment and garnishment. But, however erroneous it is, we are bound to treat the former decision as the law of this case, as between *these parties*, the plaintiffs *and the contestants*.—Bryan v. Weems, 25 Ala. R. 195; Miller v. Jones' Adm'r, at this term; Weaver v. Weaver, 23 Ala. R. 789; *Ex parte* Sibbald v. The United States, 12 Peters, 492; Gelston v. Codwise, 1 Johns. Ch. Rep. 194; Johnston v. Glasscock, 2 Ala. R. 519.

We do not wish, however, to be understood as deciding that *the defendant in attachment*, or *the garnishee*, can be regarded as a party to the former appeal, or can be concluded by any thing contained in the former opinion, or in this opinion, if either of them should take an appeal under section 2555 of the Code. We only decide, that the parties to the present appeal cannot be allowed to question the correctness of the law as declared by the opinion pronounced on the former appeal, *to which they were parties*.

The necessary effect of our former decision in this case is, that the attachment and garnishment gave to the plaintiffs a lien upon the debt in controversy, as *against the contestants*; for upon no other idea, could the plaintiffs have been held entitled to a reversal of the judgment discharging the garnishee. Holding the former decision to be *the law of the case between the parties to the present appeal*, we must either affirm the judgment, or enter a judgment which cannot be reconciled with the former judgment of this court between these same parties. We cannot hold it right to have two contradictory and repugnant judgments between the same parties, in the same case, at different terms of this court.

The judgment is affirmed.

WALKER, J.—I dissent from so much of the opinion in this case as denies the power of the clerk of the city court of Mobile to issue an original attachment. I deem the argu-

ments of the counsel in this case, and in the case of Flash, Hartwell & Co. v. Paul, Cook & Co., at this term, as conclusive in favor of the proposition, that the legislature intended to confer upon the clerk of the city court of Mobile the same power to issue attachments returnable into that court, which the clerks of the different circuit courts have to issue attachments returnable into their respective courts. The decision in Stevenson v. O'Hara is in conflict with that proposition, must inevitably be productive of great confusion and litigation, and ought, in my opinion, to be overruled.