## WILSON *vs.* SCOTT.

[CERTIORARI TO CITY COURT.]

1. *Probate judge, authority of, in granting writs of certiorari.*—The probate judge of Montgomery county has no authority to award a writ of *certiorari*, returnable to the city court of Montgomery.

APPEAL from the City Court of Montgomery.
Tried before Hon. T. M. ARRINGTON.

The appellee instituted his suit against the appellant on the 7th day of January, 1867, in a justice's court, and judgment having been rendered in that court against appellant, he applied to the probate judge of Montgomery county to grant him a writ of *certiorari* to remove the cause into the city court of Montgomery. The probate judge awarded the *certiorari*, and the cause was removed into the said city court, where, on motion of appellee, it was dismissed upon the ground, that the probate judge had no authority to grant a *certiorari*, to remove a cause from a justice's court to the city court of Montgomery. The appellant assigned as error this ruling of the city court.

WATTS & TROY, for appellant.
MARTIN & SAYRE, *contra.*

A. J. WALKER, C. J.—The authority of the probate judge to award a *certiorari*, returnable into the circuit court, is derived from the statute, and cannot be extended by construction to *certioraris*, returnable into the city court. Revised Code, § 796. The act establishing the city court of Montgomery, does not give the same extent of authority of awarding a *certiorari*, which previously pertained to the probate judge, in reference to the circuit court.—*Stevenson v. Ohara,* 27 Ala. 126; *Matthews, Finley & Co. v. Sands,* 29 Ala. 136; *Flash, Hartwell, Cook, & Co. v. Paul, Cook & Co.,* ib. 141; *Lewis v. Dubose,* ib. 219.
Affirmed.