# Scott *v.* Ryan *et al.*

### Action upon a Sheriff's Bond.

1. *Sheriff; liability on bond; judicial acts.*—The determination by a sheriff, in fixing the penalty of a forthcoming bond, of the value of the property levied upon and of the solvency and sufficiency of the sureties accepted by him, is a judicial act; and for the manner of the performance of such acts, even though he acts wrongfully or corruptly, the sheriff and his bondsmen are not liable to a civil action.

2. *Same; same; same; construction of statute.*—The statute, (Code of 1886, § 273, subd. 3), declaring a liability on an official bond for any wrongful act of the officer committed under color of his office, as well as his failure to perform, or his improper or neglectful performance of the duties imposed by law, does not impose upon the officer or his bondsmen liability for the manner of performing judicial acts.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This suit was brought by the appellant, John F. Scott, against Silas P. Ryan, who was sheriff, and the sureties on his official bond, to recover damages resulting to the plaintiff from the wrongful act of the defendant Ryan, in taking and approving an insufficient forthcoming bond. It is unnecessary to make a detailed statement of the facts.

Upon the hearing of all the evidence, the court at the request of the defendants gave to the jury the following written charge: "I charge you, gentlemen of the jury, if you believe the evidence in this case, your verdict must be for the defendants."

There were verdict and judgment in favor of the defendants. The plaintiff appeals, and assigns, among other rulings of the court, the giving of the general affirmative charge in favor of the defendants.

KIRK & ALMON and W. R. FRANCIS, for appellant.
1. The sheriff is liable on his official bond for any wrongful act committed under color of his office, and for any failure to perform, or the improper or neglectful performance of the duties imposed on him by law. Code of 1886, § 273.

2. Where it is the sheriff's official duty to take a bond, he is liable for taking securities deficient at the time of the taking, but not where they were good at the time of the taking and afterwards became insolvent. 22 Amer. & Eng. Encyc. of Law, (1st ed.) 551, and other authorities there cited; *Grider v. Tally*, 66 Ala. 119.

3. Although an act of the sheriff may be a judicial act in its nature, if it is shown that his act was willfully corrupt, and that he knowingly did a wrong, he is liable in an action by the party aggrieved.—*Pike v. Megoun*, 44 Missouri, 491. In order to entitle an officer acting in a judicial capacity from liability for his judicial acts, the officer must act within his jurisdiction and in good

faith without fraud or malice.—19 Amer. & Eng. Encyc. of Law, 488 ; *McCormick v. Burt*, 35 Amer. Rep. 163. A judicial officer must be presumed to have acted from bad motives where he knowingly and willfully renders a decision contrary to the law.—*Chrisman v. Bruce*, 85 Amer. Dec. 603.

SPEAKE & RUSSELL, *contra*.

HEAD, J.—We feel constrained to hold that the complaint in this cause does not contain a substantial cause of action, and will not support a judgment. It is an action against the sheriff and his sureties for a breach of his official bond, and the breaches assigned, are alleged improper performance of *judicial* acts, by the sheriff, viz., erroneously determining the value of the property, in fixing the penalty of a forthcoming bond which it became his duty to take, and in misjudging the solvency and sufficiency of the sureties accepted by him. That these are acts, judicial in their nature, and that the officer is not liable to a civil action for the manner of his performance of them, even though he acts corruptly, is without the pale of controversy. Unlike, in the cases of the approval of official bonds, and the approval of the bonds of executors, administrators and guardians by judges of probate, wherein liability for taking insufficient security is fixed by statute, there is no statute imposing such liability upon sheriffs, in respect of the bonds they are authorized to take in judicial proceedings. They are civilly liable only for the manner of their performance of their ministerial duties.—*Lester v. The Governor*, 12 Ala. 624 ; *McGrew v. The Governor*, 19 Ala. 89 ; *Matthews v. Sands*, 29 Ala. 136 ; *Ex parte Harris*, 52 Ala. 87 ; *Busteed v. Parsons*, 54 Ala. 393 ; *Irion v. Lewis*, 56 Ala. 190 ; *Woodruff v. Stewart*, 63 Ala. 206.

That the statute which requires bond of a sheriff, and describes the effect thereof (Code of 1886, § 273), does not impose upon that officer and his sureties civil liability for the manner of his judicial acts, is not only apparent upon the face of the provisions themselves, but the principle was so adjudged in the case of *Irion v. Lewis*, 56 Ala. 190, *supra*. See also *McGrew v. The Governor*, 19 Ala. 89, *supra*. The purpose of the third

sub-division of section 273 of the Code was to enlarge the liability of the officer and his sureties by extending it to acts which were before regarded by law as private, individual torts of the officer, though done under color of his office—the existing official liability, at the time of the enactment of that provision, being only for official delinquencies. It was not intended to impose liability for judicial errors.

Affirmed.