64 So.2d 110

**ADAMS v. HEAD et al.**

4 Div. 215.

Court of Appeals of Alabama.

Oct. 28, 1952.

Rehearing Denied Nov. 25, 1952.

Baldwin & Baldwin, Andalusia, for appellant.

A. R. Powell, Jr., Andalusia, for appellees.

**HARWOOD, Judge.**

The suit below was against the Sheriff of Covington County and the sureties on his official bond, for damages for taking and approving an insufficient forthcoming bond in a detinue proceedings (Counts 1–6), or in taking a void forthcoming bond because the alleged sureties had not actually signed said bond, or authorized their signatures.

This appeal is on the record proper, and by agreement of counsel the record was abridged so as to omit count 7.

Counts 1 through 6 set up the negligence of the sheriff in accepting and approving an insolvent defendant's bond in a detinue suit.

Count 7 claimed damages because the sheriff had accepted a void defendant's forthcoming bond in the detinue suit, said bond being void because the alleged sureties had not in fact signed the bond.

Demurrers were sustained to counts 1–6, and overruled as to count 7. Issue was joined on this count by plea in short by consent. The jury returned a verdict in favor of the defendant, and judgment was entered pursuant thereto.

The sole question involved in this appeal is the court's action in sustaining the demurrers to counts 1–6, inclusive.

In his brief, in setting forth the point involved, counsel for appellant states:

"From the cases cited by the trial judge in his judgment on demurrer, it is apparent that he considered the approving of the sureties on a replevy bond, the action which forms the basis of this suit, a judicial act on the part of the defendant Head. It further appears that the trial judge considered that no liability on the part of the sheriff or the sureties on his official bond could attach by reason of the negligent or improper act of the sheriff in approving an insolvent replevy bond."

It is stated in 57 C.J., p. 1038, "Sheriffs and Constables," with citation of authorities, that "Where it is the duty of a sheriff or constable to take a bond or other security, the sureties on his official bond are ordinarily liable for his failure to take a bond, or his acceptance of a bond with insufficient sureties or for an inadequate penal sum, or a bond which is informal, or does not contain conditions required by statute, or is otherwise defective, or a void bond."

However, a study of our judicial decisions convinces us, that certainly in so far as concerns a sheriff's liability for accepting a bond with financially insufficient sureties, a different doctrine prevails in this State.

In Scott v. Ryan, 115 Ala. 587, 22 So. 284, 285, the suit was against a sheriff and the sureties on his official bond as sheriff, for damages for taking an insufficient forthcoming bond. The judgment was for the defendant, and the plaintiff appealed. In affirming the judgment, Head, J., wrote:

"We feel constrained to hold that the complaint in this cause does not contain a substantial cause of action, and will not support a judgment. It is an action against the sheriff and his sureties for a breach of his official bond, and the breaches assigned are alleged improper performance of judicial acts by the sheriff, viz. erroneously determining the value of the property, in fixing the penalty of a forthcoming bond which it became his duty to take, and in misjudging the solvency and sufficiency of the sureties accepted by him. That these are acts judicial in their nature, and that the officer is not liable to a civil action for the manner of his performance of them, even though he acts corruptly, is without the pale of controversy. Unlike, in the cases of the approval of official bonds and the approval of the bonds of executors, administrators and guardians by judges of probate, wherein liability for taking insufficient security is fixed by statute, there is no statute imposing such liability upon sheriffs in respect of the bonds they are authorized to take in judicial proceedings. They are civilly liable only for the manner of their performance of their ministerial duties. Lester v. The Governor, 12 Ala. 624; McGrew v. The Governor, 19 Ala. 89; Matthews v. Sands, 29 Ala. 136; Ex parte Harris, 52 Ala. 87; Busteed v. Parsons, 54 Ala. 393; Irion v. Lewis, 56 Ala. 190; Woodruff v. Stewart, 63 Ala. 206.

"That the statute which requires bond of a sheriff, and describes the effect thereof (Code, § 273), does not impose upon that officer and his sureties civil liability for the manner of his judicial acts, is not only apparent upon the face of the provisions themselves, but the principle was so adjudged in the case of Irion v. Lewis supra. See, also, McGrew v. The Governor, supra. The purpose of the third subdivision of section 273 of the Code was to enlarge the liability of the officer and his sureties, by extending it to acts which were before regarded by law as private, individual torts of the officer, though done under color of his office; the existing official liability, at the time of the enactment of that provision, being only for official delinquencies. It was not intended to impose liability for judicial errors."

■ Section 273, Code of 1896, mentioned by Justice Head, has been carried forward in every intervening Code and now appears as Section 50, Title 41 of our present Code. Its repeated adoption without material change enacts, as a part of the statute itself, the construction placed upon its terms by Supreme Court. Meares v. Meares, 256 Ala. 596, 56 So.2d 661; Ex parte Thompson, 249 Ala. 12, 29 So.2d 287.

■ Our research has failed to show that the doctrine of Scott v. Ryan, supra, has been altered. This court is of course bound by the doctrines enunciated by the Supreme Court.

Affirmed.