OF

# THE DECISIONS

OF

# THE SUPREME COURT OF ALABAMA.

## JUNE TERM, 1836.

PECK *versus* HOLCOMBE

QUESTION IN THIS CASE.

*Relative to the construction of the act of 1829, on the subject of tax collectors.*

1. Where a judge of the County Court, under the act of 1829, declares the office of tax collector vacant, such declaration is a judicial, conclusive act, and can not, while unreversed, be questioned by proof that the tax collector had his bond ready, but that the judge was absent.
2. The collection of taxes by a tax collector, after the office has been declared vacant under the act of 1829, is void.

This action was instituted by Peck, before a justice of the peace of Jefferson County, to recover the sum of twelve dollars and seventeen cents; money illegally collected by the defendant, as a tax collec-

3 v. P.                            42

tor. A judgment was rendered, before the justice, for the defendant; and on appeal to the Circuit Court, he succeeded also.

The plaintiff produced in evidence a declaration made by *Walker*, Judge of Jefferson County Court, stating that the defendant, after his election to the office of assessor and collector of taxes, had failed to give bond and security as such; and that, therefore, under the statute in such case made and provided, he declared the office vacant.

The defendant, with other proof, not material, submitted evidence, that he attended, to give his bond; but that, in consequence of the absence of the judge, he was unable to perform that act. This testimony the Court below admitted, and exceptions were taken.

It was proved, that the defendant had acted after this declaration of the judge, and had coerced the payment of the sum for which this action was brought, out of the plaintiff.

Argued by *Mr. Peck*, for the plaintiff in error, and *Mr. Ellis*, for the defendant.

*Peck* contended—

1. That the act of the judge of the County Court, declaring that the office of the defendant was forfeited, was a judicial act, and conclusive of that fact—and could not be controverted, until reversed.—*Morther* vs. *Hood*, 8 John. Rep. 36; *Van Steenourgh* vs. *Bigelow*, 3 Wend. 42; *Richardson* vs. *Hobert*, 1 Stew. 504; *Cunningham* vs. *Bucklin*, 8 Cowin, 187.

By the act of Congress of the 28th February, 1795, the President of the United States, in case of

invasion or imminent danger of it, is authorised to call the militia into service, &c. The President is made the sole judge of the *casus fœderis.*—1 Kent, 245; 12 Wheaton, 19.

By the act of 1823, (see Digest, p. 100, § 10, 11,) it is made the duty of the judges of the County Courts of the several counties, if any sheriff, clerk, or other county officer, shall be absent for the term of four months, to certify that fact, under his hand and seal, to the person, officer or tribunal, appointed by law, to fill the same—(the 9th section declaring the office vacant, by such absence,) and that, on such certificate, the proper person, officer, &c., shall fill the vacancy. The judges of the County Courts, by this act, as well as by the act of 1829, above referred to, are bound to perform a delicate and important duty, in which they act under the high responsibilities of their office. It is a judicial duty: they are made the sole judges, and are to determine, for themselves, when that duty is to be performed : and when performed, it is binding and conclusive, and must be so, until it is reversed. A different doctrine would be extremely dangerous to the peace and rights of citizens. If any officer who might esteem himself injured by the act of a judge, could, (without resorting to the proper legal means, to correct any error which the judge might have committed,) take his supposed rights and remedies into his own hands, and redress himself, there would, then, be a constant collision between the officer removed, and the officer appointed to the vacancy ; and the community would be unable to determine to which they ought, or might safely, submit. Such a state of things would

not long be endured—and should never be permitted, in a well organised State.

2. The defendant, at the time he collected the money, was neither an officer *de jure* nor *de facto*—an officer *de facto*, is one coming into office by color of title : the acts of such an officer are good, as it regards the public and third persons, until removal. But the defendant, by the declaration of the judge, was removed ; or, in other words, the office was declared actually *vacant.* His rights, therefore, even as an officer *de facto*, were destroyed.—7 John. Rep. 553, (top pa.;) *People* vs. *Collins,* 9 John. Rep. (top pa.) 135—(note *a.*)

3. In an action between third persons, the Court will not stop to inquire whether a person claiming to be an officer, and actually exercising the duties, be an officer *de jure*—yet, in an action against such officer, for an act which he justifies as officer, the legality of his commission, his right to the office may come in question.—*Fowler* vs. *Bebee,* 9 Mass. Rep. 222, 225, (top pa.;) *Commonwealth* vs. *Fowler,* 10 Mass. Rep. 295. Here the defendant justified himself as tax collector ; his right, therefore, to that office, was properly in issue.

4. Money, paid under a void authority, may be recovered, in an action for money, *indebitatus assumpsit.*—2 Com. on Con. 49. The tort may be waived.—Id. 50; 1 Term Rep. 387 ; 20 E. C. L. Rep. 380; *Houghton* vs. *Seppings.* Money, paid to one who claims a right or an authority to receive it, may be recovered, in an action for money had and received, if he had no such authority.—1 Term Reports, 63.

HOPKINS, J.—The inquiry, in this case, is into the nature of the power given, by the statute of 1829, to judges of the County Courts, over persons, who might be re-elected, after its enactment, assessors and tax collectors.

The statute requires such an officer, to present, on or before the first Monday in January, after his re-election, to the judge of the County Court, of the proper county, receipts, in full, from the State and County Treasurers, for the taxes of the preceding year, together with his bond, for approval; and in the event of his failure to do so, makes it the duty of the judge to declare the office vacant.[a]

[a] Aik. Dig. 37.

If an assessor present satisfactory receipts and a sufficient bond, within the time limited, the judge has power to determine that they are so. But, should he fail to present them, it would be the duty of the judge, to adjudge the office vacant. The statute gives the judge jurisdiction of the subject, and the presentment of the receipts and bond, or the omission to do so, jurisdiction of the person of the assessor: the judge therefore, has power, which must be exercised, in determining, either that the assessor has done or omitted what the act requires. Were he to admit, that receipts were in full, which were not so, or to receive an insufficient bond, such an act would be, until the effect of it should be destroyed, by the judgment of some other Court, conclusive evidence of the assessor's right to perform the duties of his office.

The power is judicial, and the exercise of it, by the judge, in the declaration which he made, that the office of assessor, to which the defendant had been elected, was vacant, from his having failed to

present his bond for approval, within the time required, cannot be questioned, by proof that the judge was absent when the defendant was ready to present one. As long as the declaration remains in force, it is conclusive evidence that he did fail to present his bond.[a]

[a]8John. R. 36; 8Cow. 187;3Wen. 42; 9Mass. R. 231.

The Circuit Court erred in admitting the evidence, which the defendant offered. The effect of the declaration which the judge made, was to deprive the defendant of the office of assessor, and leave it vacant. As he had no authority to collect the taxes, his sale of the property of the plaintiff, Peck, to satisfy the claim against him, was illegal. He was a wrong doer, and might have been treated, by the plaintiff, as a trespasser. But the plaintiff had a right to waive the tort, and recover the amount of the proceeds of the sale of the property, which the defendant received without any authority.[b]

[b]20 Eng.C. L.Rep.380

Let the judgment be reversed, and the proper judgment be rendered by this Court, in favor of the plaintiff, Peck, for the amount the defendant collected of him, with interest thereon, from the time it was received.