STATE, EX REL., *vs.* ELY, JUDGE, &c.

[MANDAMUS TO COMPEL JUDGE OF PROBATE TO APPROVE BOND OF PERSON CLAIMING TO BE TAX COLLECTOR.]

1. *Office; failure to do what, does not ipso facto vacate.*—The failure of an officer, required by law to give an official bond, to file an approved bond within the time prescribed by law, does not *ipso facto* vacate the office.

2. *Commissioners court; what has not jurisdiction of.*—The commissioners court has no jurisdiction to declare the office of tax collector vacant.

3. *Same; what record of court of limited jurisdiction should show.*—The record of a court of limited jurisdiction should contain every fact essential to confer its jurisdiction.

4. *Mandamus; when lies.*—Mandamus is the proper remedy to compel the probate judge to approve a tax collector's bond.

APPEAL from the City Court of Montgomery.
Tried before the Hon. J. D. CUNNINGHAM.

THIS was an application by the State, on the relation of William Falconer, to the city court of Montgomery, for a *mandamus* to compel the judge of probate of Montgomery county to receive and approve the official bond of relator as tax collector of Montgomery county.

The following were the agreed facts : Falconer was elected

State, ex rel., v. Ely, Judge, &c.

tax collector for Montgomery county at the general election in February, 1868, received a certificate of election from the president of the convention which assembled at Montgomery on the 5th day of November, 1867, and at the time of such election and receiving such certificate had been a resident citizen of said county of Montgomery continuously for more than five years, and was over fifty years of age, and is still a resident of said county. On the 15th of October, 1868, relator tendered to defendant, as judge of probate of Montgomery county, at his office, a bond, for him to receive and approve, as the official bond of said Falconer, as the tax collector of said county, &c. Said bond was in every respect legal and sufficient, as the official bond of said tax collector. Defendant refused to receive said bond or approve the same, because, he alleged, that relator had vacated his office as aforesaid by failing to give bond within the time prescribed by law, and the vacancy had been filled according to law. On the same ground defendant would refuse to receive any bond whatever which relator might tender him," &c.

The relator, in the petition, denies the existence of any vacancy, and avers that the office has never been vacated by any acts of his, or by operation of law.

The defendant demurred to the petition—

1st. Because, upon the facts, relator has no right to the office of tax collector of the county of Montgomery at the time he tendered his bond.

2d. Because *mandamus* is not the remedy.

The other facts of the case will be found in the opinion.

It was agreed that the case should be submitted to the court for decision, without the intervention of a jury. " The court dismissed the petition of relator, and taxed him with cost," &c.; and it is now assigned as error, that the court below erred in dismissing the petition of relator.

RICE, SEMPLE & GOLDTHWAITE, for appellant.—1. That *mandamus* is the proper remedy.—*Tenn. & Coosa R. R. Co. v. Moore,* 36 Ala. 371; *Tarver v. Comm'rs Court,* 17 Ala. 527; *People v. Brenan,* 39 Bar. 537; *People v. Rives,* 27 Ill. R. 242.

2. The evidence shows that Falconer had not only the right to the office, but the office itself.—Code, § 166.

3. That the record of the declaration of vacancy is a nullity, not showing jurisdictional facts.—*Sprowl v. Lawrence*, 33 Ala. 674; *Peck v. Holcomb*, 3 Porter; *Nolett v. Keenan*, 22 Ala. 484; *Carky v. State*, 6 Ala. R.; *Thompson v. Comm'rs Court*, 15 Ala. 134; *Rambo v. Wyatt*, 29 Ala. R.; *Ikelheimer v. Chapman*, 35 Ala. R.; *Stevenson v. O'Hara*, 27 Ala. 362.

4. The commissioners court could have no authority to declare the vacancy; it could have been determined by the circuit court having a general jurisdiction.

5. Upon implication the judge of probate should have declared the vacancy, rather than the commissioners court, or should have certified the failure to give bond to the commissioners court.—Code, § 164.

6. As to the court being held without authority of law. *Wightman v. Karsner*, 20 Ala. 446. The record shows the proceedings were held at a 'special term.—Revised Code, § 839.

This section authorizes such vacancies to be supplied as existed at the time the special term was called, which was the 15th of September.

The object in giving the notice was, to operate on those who might be affected by the business for which the special term was called.

WALKER, MURPHY & WINTER, *contra*.—1. The demurrer should have been sustained for the reasons following:

1. It does not show that Falconer was qualified for the office, or could qualify.—Const. art. 15.

2. Falconer was elected in February, 1868, and never offered to give bond till the 15th of October, 1868. The act of August 1st, 1868, (Pamph. Acts, pp. 8, 9,) required that the bond of the tax collector should be executed in sixty days, and required that the office should be declared vacated in default of the execution of the bond within the prescribed time. This period of sixty days had expired when the bond was tendered. The reply to this argument is, that by the act of 8th October, 1868, the period for giv-

ing the bond was extended to 30th October.—Pamphlet Acts, p. 218. The application to give bond was made between the 8th and 30th of October.

During the interval between the 1st of October, (sixty days from the adoption of the act of 1st August,) and the 15th October, 1868, the act of 1st August, 1868, required that the office should be declared vacated. There was an interval of fifteen days during which it was a duty to declare the office vacated. It is to be presumed that this duty was discharged. Falconer's petition for a *mandamus* can not be good, without an averment that the office was not declared vacant during the interval.

It is often necessary to aver a negative, when it is not necessary to prove it. It is insisted that the petition for a *mandamus* is insufficient, without an averment that the office had not been declared vacant.

It must be observed, that the act of 8th October, 1868, (p. 218,) extends the time for giving bond only in favor of tax collectors. If Falconer's office had been vacated before 8th October, 1868, he had ceased to be tax collector, and the law extending the time of giving bond could not operate in his favor.

If the petition fails to allege the facts necessary to entitle the relator to relief, the judgment of the court below ought to be affirmed. This proceeding is analogous to a bill in chancery, and as relief is never granted in chancery when the bill is wanting, so relief should not be granted in this case unless the facts stated in the petition entitle the petitioner to relief.

2. The office of Falconer was vacated for the following reasons:

I. The act of August 1st, 1868, gives authority to declare the office vacant.

II. The act of October 8th, 1868, extends the time for giving bond to 30th October, 1868.

III. Intermediately between the passage of the two acts, and after the expiration of sixty days from the passage of the former, the commissioners court declared the office vacant, and appointed Stewart.

IV. If the office was legally declared vacant, the act of

October 8th, 186ɔ, does not restore the incumbency. The legislature did not design to give an office, or to take it away from any person. The language of the act is applicable to persons who were tax collectors at the time of its passage. If Falconer was not then tax collector, he is not within the act.

V. The declaration of the commissioners court vacated the office. The act of 1st August, 1868, clearly refers the power to somebody to declare the vacancy. This was intended to be done at the end of sixty days, and not after a long judicial proceeding *inter partes*. The necessity of the case and the public good demanded an immediate ascertainment of the vacancy. The act falls to the ground, if the commissioners court had not power to fill the vacancy. The appointing power must ascertain the vacancy. The commissioners court was the appointing power.

VI. No objection can be predicated of the failure to recite the jurisdictional fact. The court did not render a judgment; it simply declared a vacancy. It is the same sort of ascertainment as the governor or the president makes when a vacancy is filled. It is the same sort of ascertainment as is made in the case of *Mott v. Warren*, in 12 Wheaton. The fact that the ascertainment is made by the court does not change its nature. The act of declaring takes its legal character from its nature, and not from the instrumentality through which it is effected. To take a recognizance in a criminal case is a ministerial act, whether done by your honor, or your clerk. The decisions in reference to the recital of jurisdictional facts have nothing to do with the case. Under the same act, (August 1st, 1868,) the judge of the circuit court would have the power to declare in vacation a vacancy, and appoint a clerk. Would it be contended, that his declaration was void unless he went into court and made a statement of record of the cause of vacancy? If so, no vacancy could be filled except in term time. The same is true of appointments by the governor.

VII. The declaration of vacancy is not void for want of notice to Falconer. The proceeding is not against Falconer. It is not designed to take an office away from him. Its

purpose is simply to declare a *status* as to office. If Falconer has any rights, he may assert them against Stewart.— 1 Greenl. Ev. §§ 544, 550; *Thompson v. State*, 29 Ala. 19. It is a question in which the public have a far greater interest than Falconer. The commonwealth must have a right to ascertain the *status* of an office in which the whole community is interested, without the delay of a long litigation. If not, the machinery of government must stop.

VIII. The case of *Peck v. Holcombe*, (3 Porter, 333,) contains some loose expressions as to judicial proceedings and judgments, but the point actually decided is conclusive in this case. The supreme court, in that case, obviously never once thought of resting upon jurisdictional facts. Such a thing is simply ridiculous. The declaration was not made by a court. There was no record. There could be no recital upon the record of a jurisdictional fact or anything else, for there was no record.

3. *Mandamus* can only be granted where there is a clear right. To doubt is to be resolved.— *Withers v. Posey*, 36 Ala. 260; Shepherd's Digest, 696.

4. *Mandamus* is not a proceeding to try the controversy between Stewart and Falconer. *Quo warranto* is the remedy of Falconer, and *mandamus* is not.— *State v. Dunn*, Minor, 46; Tapping on Mandamus, 182, 27, 100, 166; *Bonner v. State of Georgia*, 7 Ga. 479.

5. Stewart, by his election and acceptance of the office, is in office until the State claims a defeasance of forfeiture for his failure to qualify.— *Sprowl v. Lawrence*, 33 Ala. 689. A *quo warranto*, therefore, is the remedy against him.

6. Falconer is out of office until he sets aside the declaration of vacancy. The State has claimed his forfeiture. If he has rights, he must proceed directly against the declaration of vacancy. The country is not to be afflicted by having two officers at the same time.— *Sprowl v. Lawrence*, *supra*.

B. F. SAFFOLD, J.—William Falconer was elected tax collector of Montgomery county, at the election for State and county officers, held on the 4th, 5th, 6th, 7th, and 8th of February, 1868.

The legislature passed an act, August 1st, 1868, giving to tax collectors, elected at that time, sixty days from the date of the act to file their official bonds, and declaring that if, at the end of that time, the bond was not executed and approved, the office should be declared vacated.—Acts of 1868, p. 7. At the expiration of the sixty days, Falconer had not filed his bond. On the 2d of October, 1868, the commissioners court of Montgomery county recorded the following order : " November 18—Tax Collector.—Ordered that the office of tax collector be and the same is hereby declared vacant, and that the court do now proceed to fill the vacancy by appointment; whereupon George F. Stewart was appointed tax collector."

On the 8th of October, 1868, the legislature passed an act enacting that the tax collectors of the State shall have until the 30th day of October next, within which to make and file their official bonds.—Acts 1868, p. 218. On the 15th of October, 1868, Falconer tendered to the probate judge a bond admitted to be sufficient in every respect, which he refused to approve and to file, on the ground that Falconer had vacated his office by failing to give bond within the time prescribed, and that the vacancy had been filled, according to law.

Falconer then applied to the city court for a *mandamus*, to compel the probate judge to approve a sufficient bond. The refusal of the court to grant the writ is the error complained of.

Section 164, Revised Code, provides that if any officer, required by law to give bond, fails to do so within the time prescribed, he vacates his office, and the officer in whose office such bond is required to be filed, is commanded at once to certify the failure to the appointing power, and the vacancy must be filled, as in other cases. This section, more stringent than the act of 1868, has received a most careful scrutiny and construction by this court, in the case of *Sprowl v. Lawrence*, 33 Ala. 674. It is there decided, that an officer is invested with his title to an elective office by virtue of his election, and that the statute providing that on failure to file his bond within the given time, " he vacates his office," operates as a defeasance, and not as a

condition precedent. An act of the legislature of 1854 (Session Acts 1853–4, p. 102), which authorized sheriffs who had failed to give bond within the proper time, to do so at any time before the 1st Monday in March, 1854, and provided that if they gave such bond, they should not be subject to a forfeiture of their offices, is cited as a legislative interpretation of the section. It is said that upon any other interpretation, the act of 1854 would be unconstitutional, because the legislature may waive a forfeiture, but cannot elect a sheriff.

The statute of October 8th, 1868, is such a construction of that of August 1st, 1868, and of section 164. The mere failure of Falconer to file his bond, did not *ipso facto* work a forfeiture of his office.

The commissioners court is one of special powers. It does not possess authority to declare a forfeiture of the office of tax collector, unless the jurisdiction has been conferred on it by statute. Section 167, Revised Code, requires notice of the failure of an officer to file his bond, to be given by the officer in whose office the bond is required to be filed, by, or during, the first two days of the session of the circuit court, held in the county in which the officer so failing resides, next after such failure, to the solicitor of the circuit to which such county belongs. For what purpose this notice is thus to be given, is not stated, but the inference is plain that it was to enable the solicitor to bring the matter before a court competent to declare the office vacant. There can be no other reason, because no penalty is imposed on an officer for failing to file his bond in the first instance.

Even if the commissioners court had authority to declare the office vacant, the record shows no facts giving jurisdiction. The simple judgment is stated. The record of a court of limited jurisdiction should contain every fact essential to confer the jurisdiction.—*Commissioners, &c. of Talladega v. Thompson*, 15 Ala. 134; *Malet v. Kenan*, 22 Ala. 484. A declaration of the vacancy of an office, by a court competent to make the declaration, is a judicial act.—*Peck v. Holcombe*, 3 Porter, 329.

*Mandamus* is the proper remedy. The nature of the

thing to be done determines the propriety or impropriety of issuing the writ.—*Marbury v. Madison*, 1 Cranch, 170. The act to be performed was, in its nature, ministerial. The principle applies to judicial officers, who, though not answerable for errors of judgment, however plain the mistake, are responsible for any injury which results from their failure to perform a ministerial duty cast upon them by law.—*Tennessee & Coosa R. R. Co. v. Moore*, 36 Ala. 371 ; *Ferguson v. Kinnard*, 9 Clark & Finn. 279, 290. There is no other adequate legal remedy for the wrong complained of.

The judgment is reversed and the cause remanded.

NOTE BY REPORTER.—At a subsequent day of the term, Walker, Murphy & Winter, for appellee, petitioned for rehearing, on the ground that *quo warranto* is the remedy for appellant, and not *mandamus;* and in support thereof, filed the following argument :

" Stewart was appointed tax collector, and accepted the office ; in fact, there is now an incumbent of the office. Stewart had a right to be heard. It was necessary that the proceeding should have been in such a shape that Stewart could be heard. Whenever there is a controversy between two persons as to the right to an office, a writ of *quo warranto* is the remedy, for in that proceeding, the conflicting claims can be adjusted. Unless Falconer was tax collector, he had no right to give bond. He had no right to have himself judicially declared tax collector, without affording the adverse party an opportunity to be heard. We refer the court to the following authorities : Tapping on Mandamus, pp. 231, 182, 67, 26, 27, 148, 100, 215, 166 ; *Bonner v. The State of Georgia*, 7 Ga. 479.

Before Falconer can have his bond approved, he must be tax collector ; therefore, his right to the office is a preliminary question, and Stewart is interested in it."

The following response was made thereto :

B. F. SAFFOLD, J.—A rehearing is asked by the appellee, on the ground of error in the opinion, that a *man-*

*damus* is the proper remedy, instead of a *quo warranto*, against the present incumbent.

It must be remembered that the application for a *mandamus*, in this case, is by one admitted to have been duly elected to the office of tax collector, seeking to compel the proper officer to approve his bond. If a writ of *quo warranto* should be issued against him, who is now performing the duties of tax collector, the result of the trial would not necessarily be decisive of the case under consideration. A *mandamus* might still be required to procure the approval of the appellant's bond, though the issue of the other proceeding should be against the incumbent. Besides, the mere approval of the bond of the appellant does not necessarily preclude the incumbent from testing his right to the office.

In Tapping's Mandamus we find the following authorities in support of the decision already made : *Mandamus* is not the proper process for ousting an usurper holding an office under an election *prima facie* good, or even doubtful, and not merely colorable.—Marg. p. 182. If a party has been ousted of an office, by the election of another person to that office, the election not being merely colorable, but *prima facie bona fide*, his remedy is not by *mandamus* ; but if it be a mere colorable election, and clearly void, the court ought to, and will, grant the writ. There are, however, numerous cases in which the court has granted a *mandamus*, notwithstanding a remedy existed by *quo warranto* information.—Marg. p. 27. It seems, from these authorities, that a *mandamus* is often a concurrent remedy with *quo warranto*, and the proper remedy, when the election or appointment of the person holding the office is clearly void. The commissioners court could only fill a vacancy ; they could not create one. Their declaration of a vacancy in the office of tax collector was void, and their appointment to the office was consequently void.

The application for a rehearing is denied.