# *Ex parte* Harris.

### *Application for Mandamus.*

1. *Official bond; approval of, power judicial, and how not controlled.* — The approval of official bonds, under the statutes of this State, is the exercise of judicial, not of ministerial power, and *mandamus* will not lie to revise the exercise of the power. (*Overruling Ex parte Candee*, 48 Ala. 586, and *State ex rel. v. Ely*, 43 Ala. 386.)

2. *Mandamus; when will not lie.* — *Mandamus* is not the proper remedy to try the right to a public office of which there is a *de facto* incumbent. Nor will it lie in any case to compel the performance of duty or exercise of power, unless the relator has a clear legal right to demand it, and is without any other adequate and specific remedy.

3. *Officer de facto; title of, not tried by mandamus.* — One appointed by the governor to an office, to fill a vacancy duly certified and caused by the failure of the person elected to file a bond within the time prescribed by law, upon qualifying and entering upon the discharge of the duties of the office, becomes an officer *de facto*, and his title can be tried only on *quo warranto*, or information in the nature of *quo warranto*. *Mandamus* is not the remedy.

THE judge of the first judicial circuit (Hon. GEORGE H. CRAIG) having refused to approve the official bond tendered him by the relator, George E. Harris, he now applies to this court for a *mandamus* to compel him to do so. The issuance of a rule *nisi* was waived, and the following facts agreed upon, which were to be taken as if shown in answer to the rule : —

[Ex parte Harris.]

At the last general election relator was duly elected sheri of Hale county. The count of votes cast at that election, in the county of Hale, was not finished until the 10th day of November, seven days after the election. Returns of the election were then made by the supervisors to the secretary of state, but were not received by him until the 20th day of November. On that day he issued notice of the election to the persons elected, and among others to the relator, as provided by the 54th section of the election law of 1873. On the 19th day of November the probate judge certified to the governor that the relator had failed to file in his office an official bond as sheriff. On November 25th the governor appointed and commissioned one Tucker as sheriff of the county, who executed an official bond, approved by the judge of the first judicial circuit, and the same was filed in the probate judge's office on the 1st day of December, when said Tucker qualified and entered upon the discharge of the duties of the office. On the next day the relator presented to the judge of the first judicial circuit his official bond as sheriff, sufficient in form and sureties, and demanded its approval, which was refused, because more than fifteen days had elapsed since his election.

SMITH & ROULHAC for petitioner. — 1. Petitioner could not enter upon the office before he had given bond and taken the oath of office. His bond could not be filed until approved. To demand the approval of it, he must show that he has been elected, and the legal evidence of the election is his *certificate*. The balloting merely is not the election ; the *certificate* is the evidence upon which the person elected and the officer approving the bond must act. Until the certificate issues, there is no evidence of the election. Construing the act of August 1st, 1868, requiring the circuit judge to approve the bond, with the requirement of the election law, it must be held that the time within which the bond is to be given commences to run only from the issue of the certificate of election. *People* v. *Maywoon*, 5 Mich. 150 ; *People* v. *McManus*, 34 Barb. 620 ; *State* v. *Steen*, 14 Mo. 223 ; 16 Michigan, 56. Otherwise the law will hold the candidates, and the judge who is to approve the bond of the officer elect, to a knowledge of facts, the ascertainment of which is prescribed by certain evidence, long before the officers charged with that duty have themselves ascertained and declared the result.

2. *Mandamus* is the only remedy petitioner has. *Ex parte Candee*, 48 Ala. 386. *Sprowl* v. *Lawrence*, 33 Ala. 674 ; *Wammack* v. *Halloway*, 2 Ala. 31.

JNO. T. WALKER, *contra.* — 1. The law expressly requires

the bond to be filed " within fifteen days after the election."
The argument of inconvenience is not sound. Under the Con-
stitution an officer, by reason of the loss of his certificate in
transmission through the mails or other cause, might be pre-
vented from qualifying for a considerable time; yet his *term*
would not thereby be lengthened. The sheriff's term begins
to run from the day of his election. The " certificate " is not
the *election*, but merely evidence of it, and the fifteen days
commence to run from the *election*. 9 Kansas, 327 ; 48th Ga.;
19 Howard, 79.

2. Although this court in 43d Ala. (*State ex rel.* v. *Ely*) has
decided that *mandamus* is the proper remedy in a case like
this, it is submitted that the weight of authority is against the
decision. The decision in the *mandamus* case does not bind
the contestant who is in office.

BRICKELL, C. J. — To warrant the issue of a *mandamus*,
the relator must show that he has a clear legal right to the per-
formance of the duty or the exercise of the power sought to
be compelled. The existence of a substantial doubt as to the
right or power of the officer who is to be coerced to perform
the particular duty, or to do the particular act, forbids com-
pulsion by *mandamus*. High. Ext. Rem. § 32. Nor will a
*mandamus* be awarded on an inchoate legal title. *Thomason*
v. *The Justices*, 3 Humph. 233. At an early day in this State,
it was determined that *mandamus* is not a proper remedy to
try the right to a public office of which there is a *de facto*
incumbent. The proper and adequate remedy is by *quo war-
ranto*, or an information in the nature of a *quo warranto*.
*Mead* v. *Dane*, Minor, 46. This decision is supported by the
great weight of authority. High. Ext. Rem. § 49 *et seq.* The
reason of the rule is apparent. A *mandamus* lies only in the
absence of any other adequate and specific remedy for the
grievance of which complaint is made. The existence of such
remedy is a complete answer to the application. 2 Brick.
Dig. 240, § 4. A *quo warranto*, or an information in its nat-
ure, is the appropriate and the only adequate remedy, for the
ouster of the *de facto* officer and the induction or restoration
of the *de jure* officer. High. Ext. Rem. §§ 49–77 ; Dillon on
Munic. Cor. §§ 211, 680, 714. Another reason is, that the
writ cannot be addressed to the incumbent of the office. He
has not power to admit to the office. Not having power to do
that which is sought by the writ, he cannot be heard on the
application for its issue. On the application for the writ, as
he is not, and cannot be a party, his right to the office cannot
be adjudicated. A *quo warranto*, or an information in its
nature, would be directed to him, and would command him

to exhibit his authority or warrant for holding the office. The judgment rendered would be against him, — a judgment of *ouster*, and a judgment inducting another into the office. An officer in office, under a commission issued by the governor, who is clothed with the power of commissioning all public officers, is at least an officer *de facto*. His title and his acts as an officer are valid, and cannot be indirectly or collaterally impeached. If his authority is disputed, it must be in a direct proceeding to which he is a party, and which will finally adjudicate the right to the office. 2 Brick. Dig. 289, §§ 18, 19.

The approval of official bonds is, by the law of this State, intrusted to judicial officers, except as to particular state officers, whose bonds are to be approved by the governor. It does not necessarily follow that the power is judicial, and not ministerial, because it is conferred on judicial officers only. It was said in *Marbury* v. *Madison*, by C. J. MARSHALL (1 Cranch, 170), and has often been announced in this court, that " It is not by the office of the person to whom the writ is directed, but the nature of the thing to be done, that the propriety or impropriety of issuing a *mandamus* is to be determined." *Tenn. & Coosa R. R. Co.* v. *Moore*, 36 Ala. 371 ; *State* v. *Ely*, 43 Ala. 568 ; *Nichols* v. *Comptroller*, 4 Stew. & Port. 154 ; *Ex parte Candee*, 48 Ala. 386. When power is conferred only on judicial officers, and it is difficult to determine on which side of the often shadowy line, separating judicial from ministerial power, it lies, it is rather indicative of a legislative intent that the general assembly regarded and intended the particular power as judicial. Without, however, laying any stress on the fact that the power of approving official bonds is intrusted only to judicial officers, we cannot doubt, that under our statutes it is in its nature strictly judicial. The officer approving must prescribe the penalty of the bond. Pamph. Acts 1868, p. 8, § 5 (continued in force, Pamph. Acts 1872–73, p. 29, § 55). The bond of a sheriff or clerk of the circuit court, or of a judge of probate, must be in a penalty sufficient to furnish adequate security for the performance of his duties. The extent of these, and the magnitude of the pecuniary interests dependent on them, are to be considered in prescribing the penalty. A penalty graduated to these, in one county, and just and reasonable there, would be unjust and oppressive in another county, where the duties were less, and the pecuniary interests dependent on their performance less in value. In view of this, prescribing the penalty of an official bond involves judgment and discretion, to be exercised for the protection and security of the public and the individual citizen. The form of an official bond, its condition and obligation, are prescribed by law. Whether a bond offered conforms in this respect to the requisition of the law, the officer

[Ex parte Harris.]

must determine before approving. He is forbidden to approve, if the bond does not conform to the statutory requisition. R. C. § 159. Can it be said, that in determining the sufficiency of a bond in this respect, ministerial and not judicial power is exercised? Some of the most difficult questions which have been the subject of investigation and decision in this court were whether bonds, sometimes official, sometimes taken in the course of judicial proceedings, conformed to the statutes authorizing them, and were to be esteemed statutory bonds, or valid only as common law obligations. He must also inquire into and pass on the solvency of the obligors. This requires the hearing and weighing of evidence. If he should adjudge them insufficient, the exercise of his judgment will not be controlled by *mandamus*. *State* v. *Bowen*, 6 Ala. 511. If in the exercise of the power of approval, however erroneous his action, in the absence of statutory provisions subjecting him to liability, he is exempt on the common law principle, which protects a judge from liability to suit or indictment for judicial acts or omissions. *Lester* v. *Governor*, 12 Ala. 624; *Hamilton* v. *Williams*, 26 Ala. 527. We therefore must pronounce that the approval of an official bond is the exercise of power in its nature judicial, not ministerial. A different conclusion was attained in *State* v. *Ely*, 43 Ala. 568; and in *Ex parte Candee*, 48 Ala. 386, on reasoning not satisfactory to us. We concur, as has already been said, in the proposition stated in the case last cited, that it does not follow a duty or power is judicial because it is to be performed by a judge. It is the nature of the power itself — what it involves — that determines its character. When the power involves judgment and discretion in its exercise, it is judicial, not ministerial. It is said in this case, that " a judge of the circuit court may issue an attachment, and in doing so he is required to take a bond, with sufficient sureties; in other words, he must approve of the bond and judge of the sufficiency of the sureties. In doing this, he does not perform a judicial duty, for the same thing may be done by the clerk of his court." If the power is to be deemed ministerial, because it may be exercised by a ministerial officer, as is here indicated, it would seem a departure from the principle announced in a previous part of the opinion, that it is the nature of the power, and not the officer exercising it, that is material in fixing its character. Apart from this, it has been decided by this court that the issue of an attachment by the clerk of a court, a ministerial officer, *was the exercise of power in its nature judicial*. *Matthews* v. *Sands*, 29 Ala. 138. We are reluctant to depart from former decisions. Such departures produce uncertainty in the administration of justice, disturb confidence in judicial decisions, provoke

litigation, and excite a sense of insecurity in the transaction of business. If, however, we cannot doubt that the law has been misapprehended, and are impressed with the conviction that serious public injury will result from an adherence to former decisions, we feel bound to return to the law as we believe it should have been declared. We have given our reasons fully for the conclusion that the power under consideration is judicial. If the judicial officers charged with its exercise are in its performance to be converted into mere ministerial officers, subjected to the liability of such officers, vexed with private suits for acts or omissions in its exercise, their independence is endangered, and the wise public policy which has exempted them from suit is violated. We feel constrained to overrule on this point the cases to which we have referred.

The statute requires the official bond of a sheriff to be filed in the office of the judge of probate. R. C. § 814. It is further declared that official bonds required to be filed in the office of the judge of probate must be filed therein within fifteen days after the election or appointment of the officers required to execute them. R. C. § 162. The failure of an officer to file his bond within the time prescribed vacates his office ; and it is the duty of the officer in whose office such bond is to be filed, " at once to certify such failure to the appointing power, and the vacancy must be filled as in other cases." R. C. § 164. Vacancies in the office of sheriff are filled by the appointment of the governor. Const. Art. V. § 21. The circuit judge, deeming the relator had vacated his office by failing to file his official bond within fifteen days after his election, refused his approval of the bond tendered by the relator. If we should award a *mandamus* to compel an approval, we would on this application revise his decision on this grave question. This is not the office of a *mandamus*. A *mandamus* is a compulsory, not a revisory writ. It lies to compel, not to revise or correct action, however erroneous it may have been. *Inman* v. *Commis's Court*, 21 Ala. 772 ; High. Ext. Rem. §§ 34, 46. The refusal to approve the bond was action, as essentially as approval would have been. The judge was bound to refuse, if the bond was tendered by one who had not a right to the office ; for while he does not by approving or disapproving determine or affect the title to the office, and is not required to take evidence in reference to the title, it is only he who has a clear legal right to the office who can demand the approval of a bond. If the officer should erroneously refuse to approve the bond of him who had the title to the office, or should approve the bond of one without title, the refusal or approval would not affect or in anywise impair the true title. Can it be said the relator has a clear legal right 'to an approval of an official bond, in the face

[Ex parte Harris.]

of a statute declaring he has vacated his office by a failure previously to file his official bond? The statute certainly casts a cloud on his title, which the approval of his official bond would not remove. We are aware of what was said as to the construction of this statute in *Sprowl* v. *Lawrence*, 33 Ala. 674; *State* v. *Ely*, *supra*, and *Ex parte Candee*, *supra*. When the question shall directly arise, we will not feel bound to follow these decisions, if they are not in this respect *dicta*. All we say now is, that on this application we will not reverse the judgment of the circuit judge refusing the approval of the relator's bond, because in refusing he was in the exercise of judicial power, and because we cannot declare the relator shows a clear legal right to the approval of an official bond.

Again, it appears the office is now filled by a *de facto* incumbent whose official bond has been approved. He is in office by virtue of a commission from the governor. That commission is conclusive evidence of the title to the office, until it is impeached on *quo warranto*. In that proceeding it is only *primâ facie* evidence, liable, like other *primâ facie* evidence, to be countervailed. *Hill* v. *State*, 1 Ala. 559; Brightly's Election Cases, 319, 313. The office is filled by a *de facto* incumbent, having the legal muniment of title, which is conclusive until impeached in a direct proceeding. It would be vain and useless to approve the official bond of another. Such approval could not entitle him to the office. It would not authorize him to oust the present incumbent, and enter on the duties of the office. He is not entitled to the approval unless he has a claim to the office. If he has such claim, there is a legal remedy for its enforcement, and when enforced by that remedy, the approval of his official bond will follow. In *Hill* v. *State*, *supra*, it is said, the executive is the department of the government through which its officers are made known to each other, and to the people, in the absence of a judicial investigation. But the giving of a commission to one who has no right to the office will not destroy the title of him who has the legal claim; its only effect is to oust him of his franchise in the office, until his title to it shall be judicially determined. The commission of the governor compels every court in the State to take judicial notice of the fact that the office of sheriff of the county of Hale is filled, and who is its incumbent, when his term of office commenced, and when it will expire. *Ragland* v. *Winn*, 37 Ala. 32; *Saltonstall* v. *Riley*, 28 Ala. 164. Charged with this notice, the judge of the circuit court properly withheld approval of an official bond tendered by another.

There is no point of view in which we can regard the relator as entitled to a *mandamus*, and it is refused at his costs.