STATE, EX REL. MARY FITZGERALD ET AL., V. GEORGE F. HOUSEWORTH, CLERK OF DISTRICT COURT OF CASS COUNTY.

FILED JANUARY 22, 1902. No. 12,483.

1. Mandamus: ORDINARY COURSE OF LAW: REMEDY. A writ of mandamus will not issue where there is a plain and adequate remedy in the ordinary course of law. Code Civil Procedure, sec. 646.

2. ———: APPLICATION: CLERK: SUPERSEDEAS BOND: APPEAL: REFUSAL. An application for a writ of mandamus in the supreme court, in the exercise of its original jurisdiction, will not lie · to compel a clerk of the district court to approve a supersedeas bond given to supersede a final order rendered in that court until there has been an appeal to the district court for the exercise of the power conferred upon it by section 889 of the Code of Civil Procedure, authorizing it to direct the clerk as to his official duties, · and its refusal to act in the premises. *State v. Moores,* 29 Nebr., 122, followed.

3. ———: ———: PRACTICE OF COURT. Owing to the numerous cases on the docket, it is the practice of this court not to entertain original jurisdiction and advance cases for hearing in applications for a writ of mandamus brought by private persons for the enforcement of private rights, unless some good reason is made to appear why the application is not in the first instance made to the district court. *Armstrong v. Mayer,* 61 Nebr., 355.

ORIGINAL application for mandamus to compel respondent, as clerk of the district court for Cass county, to approve a supersedeas bond. *Dismissed.*

*James Manahan* and *D. O. Dwyer,* for relators.

*Jesse L. Root, contra.*

HOLCOMB, J.

This is an original application for a peremptory writ of · mandamus, brought in this court by relator for the purpose of compelling the clerk of the district court of Cass county to approve a supersedeas bond given in an amount fixed by the court in pursuance of the provisions of the third subdivision of section 677, Code of Civil Procedure,

and for the purpose of superseding a final order of confirmation entered in the action, pending a review of the proceedings resulting in such final order. The bond appears to comply with the provisions of law and we observe no reason why it should not be approved, although we have made no careful examination of the record and express no final opinion.

We are of the opinion that this court is precluded from entertaining jurisdiction and passing on the application by reason of what is hereafter said. Section 889 of the Code of Civil Procedure provides: "The clerk of each of the courts shall exercise the powers and perform the duties conferred and imposed upon him by other provisions of this code, by other statutes, and by the common law. In the performance of his duties he shall be under the direction of his court." No application has been made to the district court for the exercise of the powers conferred upon it by the section quoted, and until application is made to that court for directions to the clerk in the premises, and the court has refused to act, this court ought not to assume jurisdiction, and direct the clerk as to his duties regarding the matter complained of. The authority conferred on the district court by the provisions of the section quoted, affords to the relator a speedy, adequate and effective method of obtaining the relief desired and demanded by his application filed in the present cause, without resort to the extraordinary remedy afforded by the writ of mandamus. Code of Civil Procedure, sec. 646. We assume that the district court will in all cases, or in any event, generally, give to a suitor all the relief he may be entitled to when an appeal is made to it, by directing the clerk as to his duties toward those having interests to be subserved and rights to protect in relation to proceedings had in the court of which he is the clerk. We assume also that a clerk will follow the directions thus given and obey the orders of the court of which he is clerk. Until an appeal has been made to the court for an exercise of the power bestowed upon it in the section cited, and its refusal to act,

the relator, we hold, is not in a position to maintain an action or proceeding with a view of securing the issuance of a writ of mandamus from this court directing the clerk as to his duties regarding the approval of the bond which it is claimed it is his duty to approve. In *State v. Moores*, 29 Nebr., 122, it is held that the section quoted confers authority upon the district court to direct its clerk in the performance of his duties, and the supreme court will not issue a mandamus to compel such clerk to issue an order of sale upon a decree of foreclosure, where there has been no application to and refusal by the district court to direct the clerk to issue such order of sale. Says the court by NORVAL, J.: "This statute confers upon the district court jurisdiction to direct the clerk of such court in the performance of his official duties. The relator has a speedy, plain and adequate remedy provided by statute, by applying to the district court of Douglas county for an order directing the respondent to issue the order of sale. *State v. Le Fevre*, 25 Nebr., 223; *Pickell v. Owen*, 24 N. W. Rep. [Ia.], 8. * * * This court will not issue a mandamus to control or direct a clerk of the district court in the discharge of his duties, where there has been no refusal by the district court to give such direction." To the same effect are *State v. Laflin*, 40 Nebr., 441, and *State v. Frank*, 52 Nebr., 553. The case first cited and quoted from is quite analogous to the one at bar and must, we think, determine the disposition we are to make of it.

It appears in the record that after the presentation of the bond, which it is claimed it is the duty of the clerk to approve, that he (the clerk) communicated with the judge regarding the subject, and received in reply a letter stating what the judge understood or recollected his order to be regarding the supersedeas bond to be given in the cause. But the letter is neither a direction to the clerk nor a refusal to direct him as to his duties in the premises. We regard it as the duty of relator to make a formal application in his own behalf to the district court of which the respondent is clerk, and obtain an unequivocal direction to

the clerk or a refusal to act. The record does not show, nor, as we interpret it, purport to disclose, any direction to the clerk or declination to act, within the meaning and contemplation of the section referred to. Nothing more is shown than an informal correspondence between the clerk and the judge of the district court.

The commencement of these proceedings in this court in the exercise of its original jurisdiction and the advancement of the case for a hearing on its merits also conflicts with the rule announced in *Armstrong v. Mayer,* 61 Nebr., 355, wherein it is held in the first paragraph of the syllabus: "Owing to the numerous cases on the docket, it is the practice of this court not to entertain original jurisdiction and advance cases for hearing in applications for a writ of mandamus brought by private persons for the enforcement of private rights, unless some good reason is made to appear why the application is not in the first instance made to the district court."

For the reasons first stated, the application is dismissed without prejudice.

DISMISSED.

NOTE.—*Mandamus.—Approval of Bond.*—Mandamus is the proper remedy to compel the probate judge to approve a tax-collector's bond. *State v. Ely,* 43 Ala., 568. The title to an office can not be determined in a proceeding in mandamus to compel the approval of an official bond. In such a controversy, *quo warranto* is the appropriate remedy. Where the governor has the power to fill a vacancy, his commission is at least *prima facie* evidence of the appointee's title to the office. *Beck v. Jackson,* 2 Post [Mo.], 117. In the receiving and filing the bond of a sheriff, and administering to him the oaths of office, a clerk of a circuit court acts ministerially, under the direction of the law, and not of the court; and these acts may be done as well out of court as in court. *People v. Fletcher,* 2 Scammon [Ill.], 482.—RE-PORTER.